creditors and other parties in interest relative to the aforedescribed matters.

5. Your Petitioner, in accordance with the Order of this Honorable Court, forwarded Notice to all of Defendant's creditors as to the initiation of the within proceeding and gave notice to said creditors of the Hearing on Appointment of a Permanent Receiver.

6. On March 7, 2005, your Petitioner attended said Hearing before this Honorable Court and was appointed Permanent Receiver over Defendant's assets, thereafter duly qualified by posting surety bond in the amount of $10,000.00 and has since that date acted as Permanent Receiver of Defendant's assets.

7. Your Receiver has continued operations at the Premises. Immediately after your Petitioner's appointment as Receiver, it was necessary to spend significant time making arrangements with all critical vendors to ensure that service to existing customers continued uninterrupted. Furthermore, your Receiver continues to keep those critical vendors apprised of developments on a regular basis in order to continue to receive product on a regular basis.

8. With the approval of this Court, your Receiver engaged the accounting services of Prescott Chatellier Fontaine Wilkinson LLP to assist your Receiver with routine accounting matters and the preparation of current financial statements and necessary tax returns. Furthermore, and also with the approval of this Court, your Receiver engaged the services of DiSanto Priest & Co. to provide your Receiver with an estimate of the current fair value of the Defendant Corporation. Your Receiver will thereafter be better prepared to either negotiate a settlement with the shareholders in dispute or to evaluate offers received for the corporate assets.

Never Done

Paid for by Court

9. Shortly after your Receiver's appointment, two of the sales representatives abruptly announced their resignation from the Defendant Corporation. After a number of inquiries, your Petitioner learned that the salespeople intended to commence working for a direct competitor of the Defendant Corporation with the intention of transitioning a significant portion

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

Dennis Demers
Plaintiff

vs.

J.O. Demers Beef, Inc.
Defendant

P.C. No.: 05-0703

**RECEIVER'S FIRST INTERIM REPORT AND REQUEST FOR FEES**

To the Honorable Superior Court for the County of Providence represents Jonathan N. Savage, Esquire as follows:

1. On February 11, 2005 your Petitioner was appointed the Temporary Receiver of Defendant, thereafter duly qualified and subsequently acted as such Temporary Receiver under surety bond ordered by this Court in the amount of Ten Thousand ($ 10,000.00) Dollars.

2. Subsequent to your Petitioner's appointment and qualification as aforesaid, your Petitioner took possession of Defendant's assets that are located at 171 St. Augustine Street, Woonsocket, Rhode Island, (the "Premises") where Defendant is engaged in the food supply business.

3. Your Petitioner arranged for insurance over Defendant's assets, for security over Defendant's tangible assets and for protection of Defendant's financial books and records.

4. Your Petitioner communicated and continues to communicate with numerous

DiSanto Priest & Co.
Certified Public Accountants

Lawrence D. Kortick, CPA, MST
John J. Brough, Jr., CPA/ABV, MST
Robert A. D'Amico, CPA, CFP®, MST
Richard A. DeMerchant, CPA, CVA, MST
David P. DiSanto, CPA, MST
Martin I. Dittelman, CPA
Thomas N. Forsythe, CPA, MST
Norman C. Gasbarro, CPA
James Martin, CPA
Burt Priest, CPA
Frank T. Sciuto, CPA/PFS, CFP®, MST

March 25, 2005

Jonathan N. Savage, Esq.
As Receiver for J.O. Demers Beef, Inc.
Shechtman Halperin Savage, LLP
Attorneys At Law
86 Weybosset Street
Providence, RI 02903

**Re: Demers v. Demers**

Dear Mr. Savage:

*Description of Consulting Service Engagement*
The undersigned acknowledges this engagement of DiSanto, Priest & Co. to perform consulting services in order to assist you with the amicable resolution of the shareholder dispute between Dennis and Henry Demers. If it is later determined that a comprehensive valuation report is necessary, we will perform the engagement in accordance with the terms stipulated under the Section of this letter entitled "*Description of Comprehensive Appraisal Report Engagement.*"

The purpose of this consulting assignment is to estimate the selling price for the business equity of **J.O. Demers Beef, Inc. D/B/A Demers Food Service,** based on the information that the client can provide to the appraiser.

Although the purpose of this business valuation consulting assignment is to determine the reasonable fair value of the subject property, the client has requested only limited analyses to be performed. Based on these limitations, DiSanto, Priest & Co. will not be rendering an opinion of value based on the standards established by the *Uniform Standards of Professional Appraisal Practice*, the American Institute of Certified Public Accountants, or the Institute of Business Appraisers.

DiSanto, Priest & Co. will provide consulting services in the form of business valuation calculations. According to the business valuation standards adopted by the American Society of Appraisers, calculations provide:

> *...an approximate indication of value based upon the performance of limited procedures agreed upon by the appraiser and the client. Calculations have the following qualities:*

- *They may be expressed as a single dollar amount or as a range.*

Jonathan N. Savage, Esq.
As Receiver for J.O. Demers Beef, Inc.
March 25, 2005
Page 2

- *They may be based upon consideration of only limited relevant information.*
- *The appraiser performs limited information collection and analysis procedures.*
- *The calculations may be based upon conceptual approaches as agreed upon with the client.*

It is understood that DiSanto, Priest & Co. is not being engaged to perform an audit as defined by the American Institute of Certified Public Accountants, but rather the necessary analysis of only those records deemed necessary to perform this consulting assignment.

*Description of Comprehensive Appraisal Report Engagement*
In the event a comprehensive appraisal report is deemed necessary, DiSanto, Priest & Co. will proceed to determine the fair value of the common stock of **J.O. Demers Beef, Inc. D/B/A Demers Food Service** as of a date to be determined by the parties.

Accordingly, the following sets forth our understanding of the nature and limitations of these services we have been asked to perform.

1. We will review the financial records, tax returns and financial statements of J.O. Demers Beef, Inc., with the objective of estimating the **fair value**, as set forth in R.I. Law §§7-1.1-73, 7-1.1-74, and 7-1.1-90.1*, of said business and, in particular, the fair value of a per share controlling, marketable interest.

   The purpose of this engagement is to provide an independent valuation opinion and assist you with the resolution of the shareholder dispute.

   *Effective July 1, 2005 these sections are repealed and replaced with R.I. Law §§7-1.2-1201, 7-1.2-1202, and 7-1.2-1315.

2. We will not conduct an audit of the financial information as defined by the American Institute of Certified Public Accountants.

   We will use our professional judgment in determining what records and documents will be reviewed and relied upon for the purpose of forming our opinion.

3. We will attend any meetings or proceedings relative to the aforementioned valuation necessary to explain or testify as to its content.

4. We do not take any responsibility to update our report or disclose any events or circumstances occurring after the valuation date. In the event sufficient records or documentation cannot be supplied to us, we will not issue a report.

DiSanto Priest & Co.
Certified Public Accountants

5. This engagement cannot be relied upon to disclose errors, irregularities or illegal acts, including fraud or defalcations that may exist. However, we will inform you of any such matters that come to our attention.

6. Valuation reports may contain prospective financial information, estimates, or opinions that represent the view of the appraiser about reasonable expectations at a particular point in time, but such information, estimates, or opinions are not offered as predications or as assurances that a particular level of income or profit will be achieved or that specific events will occur.

7. Hazardous substances, if present, can introduce actual or potential liabilities that will adversely afffect the marketability and value of a business. Such liability may be in the form of immediate recognition of existing hazardous conditions, or future liability that could stem form the release of currently nonhazardous contaminants. In the development of the opinion of value, no consideration was given to such liability or its impact on value. We have not taken into account any and all future environmental considerations and potential liability.

Contingent and Limiting Conditions

Both engagements will be subject to, at least, the following contingent and limiting conditions, which will be expressed as part of our report:

1. Information, estimates, and opinions contained in this report are obtained from sources considered reliable; however, DiSanto, Priest & Co. has not independently verified such information, and no liability for such sources is assumed by this consultant.

2. The services provided by us are intended for your use in connection with the purposes set forth in this letter. It is expressly understood that any reports or documents produced by us may not be copied, in full or in part, without written consent and shall not be provided to any third party, with the exception of the parties to these matters, their attorneys, and appropriate judicial representations.

3. None of the contents of this consulting engagement or comprehensive appraisal report shall be conveyed to any third party or to the public through any means without the express written consent of DiSanto, Priest & Co.

4. Any estimates of value presented in this consulting assignment or comprehensive appraisal report apply to these engagement(s) only and may not be used out of the context presented herein. Any other use of this estimates and/or reports may lead the user to an incorrect conclusion for which DiSanto, Priest & Co. assumes no responsibility.

5. It should be specifically noted that any estimate of value assumes the business will be competently managed and maintained by financially sound owners over the expected period of ownership. This consulting engagement does not entail an evaluation of management's effectiveness, nor are we responsible for future marketing efforts and other management or ownership actions upon which actual results will depend.

6. No opinion is intended to be expressed for matters that require legal or other specialized expertise, investigation, or knowledge beyond that customarily employed by consultants/appraisers valuing businesses.

7. It is assumed that there are no regulations of any government entity to control or restrict the use of the underlying assets unless specifically referred to in the report and that the underlying assets will not operate in violation of any applicable government regulations, codes, ordinances, or statutes.

8. We assume that there are no hidden or unexpected conditions of the business that would adversely affect value, other than as indicated in this report.

9. We will use our professional judgment in determining what records and documents will be reviewed and relied upon for the purpose of forming our opinion. In the event sufficient records and/or documentation cannot be supplied to DiSanto, Priest & Co., no report will be issued. **Mr. John J. Brough, Jr., CPA/ABV, MST** will be responsible for this engagement.

It is possible that additional contingent and limiting conditions will be required, and the client agrees that all conditions disclosed by the consultant (appraiser) will be accepted as incorporated into the consultant's (appraiser's) report.

<u>Fees and Payment Terms</u>
Our fees for this engagement are based on standard hourly rates. Mr. Brough's billing rate for valuation, consulting, and litigation support services is $225.00 per hour, with lower rates for other engagement personnel. We will also bill for all out-of-pocket expenses incurred regardless of whether a valuation report can be issued.

Fees for the consulting service engagement and calculation analysis are anticipated to approximate $8,000 - $10,000.

Fees for the comprehensive appraisal report engagement are anticipated to approximate $15,000 - $20,000.

The payment terms are as follows:

- Fees will be billed on a monthly basis and are due and payable upon presentation.

- In order to insure that the engagement continues uninterrupted, all additional billings should be attended to promptly.

- **Due to the prohibitions of our profession regarding contingent fee arrangements, we reserve the right to discontinue from the engagement where substantial fees are outstanding.**

DiSanto, Priest & Co. reserves the right to withdraw from this engagement at any time for reasonable cause. It is not our intention to withdraw. All work papers created by DiSanto, Priest & Co. will remain in the possession of DiSanto, Priest & Co. In the event of a withdrawal, we would be liable only to return those materials and documents supplied by the client and the unused portion of the retainer.

The undersigned gives DiSanto, Priest & Co. the right to discuss this matter with the client's accountant and other individuals so designated by the client and any professional colleagues of the appraiser from whom professional information is sought.

Enclosed is our initial document request. As our analysis progresses, additional documents may be requested.

We look forward to servicing you and shall be pleased to discuss this letter with you at any time.

If the forgoing is in accordance with your understanding, please sign below in the space provided and return it to us.

Very truly yours,

DISANTO, PRIEST & CO.

John J. Brough, Jr., CPA/ABV, MST

Acknowledged:

Jonathan N. Savage, Esq. As Receiver for J.O. Demers Beef, Inc.

Date

G:\DOCS\VALUATE\Reports\demers\Mtrvaltec.doc

DiSanto Priest & Co.
Certified Public Accountants

**J.O. DEMERS BEEF, INC. D/B/A DEMERS FOOD SERVICE**

**INITIAL DOCUMENT REQUEST LIST**

1. Business incorporation documents- Articles or Certificate of Incorporation (with amendments) and any By-laws
2. Business loan package documents
   a. Business plan
   b. Financial forecasts and projections
3. Buy/Sell agreements (and related insurance policies) and/or written offers to purchase or sell the company
4. Shareholder/employment agreements
5. Complete Financial statements and supplementary information for fiscal year ends: 2000-2003
6. Complete corporate tax returns: 1999-2000
7. Complete year-end trial balance: 2005, when available.
8. Fixed asset and associated depreciation schedules at year-end: 2005, when available.
9. Copies of all major licensing and developer agreements
10. Disclosure of all related party transactions, if any:
    a. Loans
    b. Related company transactions
    c. Leases
11. Summary of owners, key personnel, and associated duties and responsibilities
12. Details of any litigation, including pending or threatened lawsuits
13. Brochures, price lists, catalogs, or other product/service information
14. Any other activities that have taken place that you feel should be brought to our attention.

DiSanto Priest & Co.
Certified Public Accountants

DiSanto Priest & Co.
Certified Public Accountants

Lawrence D. Korick, CPA, MST
John J. Brough, Jr., CPA/ABV, MST
Robert A. D'Amico, CPA, CFF*, MST
Richard A. DeMerchant, CPA, CVA, MST
David P. DiSanto, CPA, MST
Martin I. Dittelman, CPA
Thomas N. Forsythe, CPA, MST
Norman C. Gessman, CPA
James Martin, CPA
Burt Priest, CPA
Frank T. Sciuto, CPA/PFS, CFP*, MST

May 4, 2005

Never Completed

Jonathan N. Savage, Esq.
As Receiver for J.O. Demers Beef, Inc.
Shechtman Halperin Savage, LLP
Attorneys At Law
86 Weybosset Street
Providence, RI 02903

**Re: Demers v. Demers**

Dear Jon:

Thank you for the April 29, 2005 document package. While we recognize that certain requested documents might not yet be available, please note that the following items remain outstanding:

- Complete year-end trial balance: 2005
- Fixed asset and associated depreciation schedules at year end: 2005

Additionally, once the 2005 financial statements and related income tax returns are prepared, we will require copies. Finally, since the Company operates on a fiscal year-end basis, we need to discuss the valuation date that you would like for us to use (i.e., April 30, 2004 or April 30, 2005). The latest financial information we received was for the year ended **April 30, 2004**.

In order to commence with the valuation process, we typically review the subject company's financial statements to determine whether the underlying data is complete and usable. We then make a preliminary assessment of the adjustments necessary to establish a normalized financial statement presentation. Such adjustments are made for numerous reasons including:

- to review and analyze company operations under "normal" conditions (in other words, to present the company's financial statements assuming a normal operating structure and capital structure);
- to present a more accurate depiction of the Company's earnings capacity;
- to effectively compare the subject company to the industry in which it operates;
- to perform financial analysis on the subject company for which the underlying financial statements are comparable year to year;
- to remove excess or non-operating assets;
- to present real estate, property and equipment at fair market value rather than "book value";
- to reflect any "off balance-sheet or income statement" activities;
- to review company operations on a consistent basis with guideline companies; as well as
- to gain insight into what a prospective buyer might reasonably be expected to obtain from the company in the future.

AllInII

This process is time consuming, especially considering that adjustments may be required for three to five years' worth of financial data. As a result of our cursory review, we are providing a preliminary list of possible adjustments. Please understand that the list is preliminary and in no way represents all the adjustments that may be required to accurately value the underlying entity.

As always, following our financial analysis, we will need to conduct a site visit and interview Company owners and management. Further, we may need to discuss the financial statements, history, nature and operations of the business with representatives of the Company's accounting firm, corporate law firms, any other parties we deem necessary.

Once all the requested documents have been provided and we have performed the site visits and interviews we would expect to finalize the valuation report within a four to six week timeframe.

Upon your review of the enclosed, let's discuss.

Best regards,

John J. Brough, Jr.

JJB/ncg

Enclosure

G:\DOCS\VALUATE\Reports\demers\adjustments.doc

**DEMERS V. DEMERS**
**J.O. DEMERS BEEF, INC.**
***SCHEDULE OF POSSIBLE GAAP/NORMALIZATION/FINANCIAL STATEMENT ADJUSTMENTS***

GAAP

- Unrecorded Revenue, Assets and Liabilities (e.g., previously expensed items; unasserted or asserted legal claims, etc.)
- Allowance for Doubtful Accounts
- Write-downs of obsolete, slow-moving, or damaged inventory
- Unrecorded prepaid expenses
- Obsolete, damaged or abandoned equipment
- Unrecorded liabilities
- Capital Lease obligations
- Accrued wages, benefits, vacation/sick pay

Normalization Adjustments

- Nonoperating and excess assets as well as related debt
- Owners and Family Member Compensation, Owners and Family Member Perquisites, Related Payroll Taxes and Fringe benefit adjustments
- Nonrecurring income and expenses

Financial Statement Adjustments

- Intangible Assets (e.g., finance acquisition costs, goodwill)
- Excess Inventory
- Personal Expenses (automobile, travel, meals and entertainment, legal and professional fees, credit card debt, miscellaneous personal expenses, etc.)
- Fair Market Value of Real Estate, Property and Equipment (Appraisal)

**From:** Leah Szlatenyi [mailto:lszlatenyi@dpcpas.com]
**Sent:** Wednesday, May 04, 2005 4:15 PM
**To:** jsavage@shlawri.com
**Cc:** aeo@shlawri.com; John Brough
**Subject:** Demers v. Demers

Mr. Savage:

Attached is a letter that went out in today's mail. Please call John or me if you have any questions.

Best regards,

**Leah J. Szlatenyi, CPA, CVA, MSPFP**
**DiSanto, Priest & Co.**
**301 Metro Center Boulevard, Suite 300**
**Warwick, RI 02886**
**Phone: (401) 921-2020**
**Fax: (401) 921-2010**
**Website: www.disantopriest.com/**

This e-mail is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed e-mail address. Thank you.

(401) 921-2000 tel
(401) 921-2010 fax
jbrough@disantopriest.com

This e-mail is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed e-mail address. Thank you.

**From:** Ann E. O'Donnell [mailto:aeo@shlawri.com]
**Sent:** Thursday, May 26, 2005 6:10 PM
**To:** jbrough@dpcpas.com
**Subject:** Demers

John-

Although I know you are waiting for some information, can you advise of the status of the valuation? I expect to have the most recent trial balance you requested within about one week.....

Thank you.

Ann O'Donnell

**Mary Demers**

**From:** John Brough [jbrough@disantopriest.com]
**Sent:** Thursday, June 16, 2005 4:04 PM
**To:** 'Ann E. O'Donnell'; 'Jon Savage'
**Cc:** 'Leah Szlatenyi'; dem6679@yahoo.com
**Subject:** RE: Demers v. Demers

**Ann...thanks for the follow up..... Please note that I will be out of the office from June 23rd though July 5th and again during mid-August...I believe Leah may be out for a period of time as well. Between the scheduling of other case commitments & valuation engagements, together with the above, it is imperative that the associated documents, and all related follow up request, be provided and/or responded to us as expeditiously as possible.**

**Thanks again for your assistance & follow up.**

**Look forward to hearing from you soon.**
**Best regards,**
**John**

**Website:** ***www.disantopriest.com***

John J. Brough, Jr., CPA/ABV
DiSanto, Priest & Co.
301 Metro Center Boulevard
Warwick, RI 02886

(401) 921-2000 tel
(401) 921-2010 fax
jbrough@disantopriest.com

This e-mail is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed e-mail address. Thank you.

---

**From:** Ann E. O'Donnell [mailto:aeo@shlawri.com]
**Sent:** Wednesday, June 15, 2005 4:29 PM
**To:** jbrough@disantopriest.com; Jon Savage
**Cc:** Leah Szlatenyi
**Subject:** RE: Demers v. Demers

John-
Debbie from Peter Chatelier's office is completing the FY 2004 information and I'll forward that to you as soon as it's available. Thereafter, perhaps we can schedule a conference call so that we're all clear as to what additional information you may need....

Ann

---

**From:** John Brough [mailto:jbrough@disantopriest.com]
**Sent:** Wednesday, June 15, 2005 11:00 AM
**To:** Jon Savage; Ann E. O'Donnell
**Cc:** 'Leah Szlatenyi'
**Subject:** FW: Demers v. Demers

**Jon/Ann....Dennis Demers phoned this morning to inquire on our progress....advised him accordingly & forwarded copies of our emails of 5/4/05 & 5/27/05. Also mentioned that we sent out a bill through April 30, 2005 ($3,800) and have one being prepared for May 2005....jjb**

**Website:** ***www.disantopriest.com***

John J. Brough, Jr., CPA/ABV
DiSanto, Priest & Co.
301 Metro Center Boulevard
Warwick, RI 02886

(401) 921-2000 tel
(401) 921-2010 fax
jbrough@disantopriest.com

This e-mail is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed e-mail address. Thank you.

---

**From:** John Brough [mailto:jbrough@disantopriest.com]
**Sent:** Wednesday, June 15, 2005 11:45 AM
**To:** 'dem6679@yahoo.com'
**Cc:** 'Leah Szlatenyi'
**Subject:** FW: Demers v. Demers

**Dennis...here's the 5/4/05 e-mail & related attachment...jjb**

**Website:** ***www.disantopriest.com***

John J. Brough, Jr., CPA/ABV
DiSanto, Priest & Co.
301 Metro Center Boulevard
Warwick, RI 02886

(401) 921-2000 tel
(401) 921-2010 fax
jbrough@disantopriest.com

This e-mail is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed e-mail address. Thank you.

**DEMERS V. DEMERS**
**J.O. DEMERS BEEF, INC.**
***SCHEDULE OF POSSIBLE GAAP/NORMALIZATION/FINANCIAL STATEMENT ADJUSTMENTS***

GAAP

- Unrecorded Revenue, Assets and Liabilities (e.g., previously expensed items; unasserted or asserted legal claims, etc.)
- Allowance for Doubtful Accounts
- Write-downs of obsolete, slow-moving, or damaged inventory
- Unrecorded prepaid expenses
- Obsolete, damaged or abandoned equipment
- Unrecorded liabilities
- Capital Lease obligations
- Accrued wages, benefits, vacation/sick pay

Normalization Adjustments

- Nonoperating and excess assets as well as related debt
- Owners and Family Member Compensation, Owners and Family Member Perquisites, Related Payroll Taxes and Fringe benefit adjustments
- Nonrecurring income and expenses

Financial Statement Adjustments

- Intangible Assets (e.g., finance acquisition costs, goodwill)
- Excess Inventory
- Personal Expenses (automobile, travel, meals and entertainment, legal and professional fees, credit card debt, miscellaneous personal expenses, etc.)
- Fair Market Value of Real Estate, Property and Equipment (Appraisal)