Attachment 5

ORSON AND BRUSINI LTD

COUNSELORS AT LAW

Theodore Orson *
Stephen M. Brusini **
Christine L. Rossi *

* also admitted to practice in Massachusetts

** also admitted to practice in Massachusetts and New York

March 28, 2005

Via Fax
Jonathan Savage, Receiver
Shechtman Halperin Savage, LLP
86 Weybosset Street
Providence, RI 02903-2841

***RE: Demers v. J.O. Demers Beef, Inc.
P.C. No. 05-0703***

Dear Jon:

I am in receipt of Larry Goldberg's letter to you dated March 17, 2005. His statement that the life insurance policies were cashed in by the company and proceeds were taken by Dennis Demers is not correct. Dennis never authorized the cashing in of the policies, nor has he been paid a penny from the cash surrender value of any such policies. If the insurance policies were cashed in, it was accomplished without Dennis' knowledge and authority. While I have not seen the agreements which govern those policies, Dennis informs me that the policy owned by Dennis was not allowed to be cashed in without Dennis' written authority. I request that the Receiver immediately provide me with copies of all of the governing documents and conduct an immediate investigation as to what happened with respect to the policies and whether the Receiver and/or Dennis may have claims against Henry Demers. If the Receiver does indeed have claims against Henry, we demand that he prosecute them immediately.

As you are aware, Dennis has been involved with the company for several decades and knows the business as well, if not better, than anyone connected to the business. While Dennis has been available to you on a consulting basis, and paid for his services, we believe it is unfair to continue to bar him from operations.

Moreover, now that Henry has withdrawn his election, the assets and business of the company will be sold by the Receiver to the highest and best bidder. We understand that Henry is formulating a bid to purchase the company. As we have indicated to you, Dennis is also doing his due diligence in contemplation of a likely bid. It may turn out that Dennis and Henry outbid any other third parties, and bid against each other for the company. Henry's position at the center of operations clearly puts him at an unfair competitive advantage in the sale process. He is able to observe operations and cement relationships with customers, vendors and employees, while Dennis is being unfairly excluded from the company and his relationships with the customers, vendors and employees are suffering. We all know that in this business it is "out of sight, out of mind." As Dennis and Henry are each 50% shareholders, this is not tolerable or equitable.

You, as Receiver, should not continue to favor Henry over Dennis by allowing Henry to remain at the center of operations while excluding Dennis altogether. In order to even the playing field, we request that you bring Dennis back into the business immediately. Please let me know when he should report.

Thank you.

Very truly yours,

Theodore Orson

CC: Lawrence Goldberg, Esq. (via fax)
Dennis Demers (via email)

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

| | | |
|---|---|---|
| Dennis Demers<br>Plaintiff<br><br>vs.<br><br>J.O. Demers Beef, Inc.<br>Defendant | :<br>:<br>:<br>:<br>:<br>:<br>: | P.C. No.: 05-0703 |

**NOTICE TO CREDITORS**

1. **Please take Notice** that the hearing on **UPS Capital Business Credit's Motion to Allow Secured Claims and to Establish Priority of Lien,** will be held at 9:30 a.m. on the **12th day of August, 2005** before the Providence County Superior Court, Business Calendar, sitting at the Providence County Superior Court House, 250 Benefit Street, Courtroom 17, 4th Floor, Providence, Rhode Island 02903.

2. Creditors and Parties in Interest are welcome to attend the hearing but are not required to do so. **Any party wishing to set forth an objection must be in attendance at the hearing.**

3. A copy of the Motion is on file with the Clerk's Office at the Providence County Superior Court, 250 Benefit Street, Providence, Rhode Island. For further information, please contact the Receiver at (401) 272-1400.

John Hancock Financial Services, Inc.

John Hancock

Litigation and Employment Division
Law Sector

John Hancock Place
Post Office Box 111
Boston, Massachusetts 02117
(617) 572-9184
Fax: (617) 572-1565
E-mail: wgottlieb@jhancock.com

**William A. Gottlieb**
Assistant Vice President and Senior Counsel

September 15, 2005

Mary L. Demers
231 Sunnybrook Farm Road
Narragansett, RI 02882

**Re: J. O. Demers Beef, Inc.**

Dear Ms. Demers:

I am writing in response to your letter of September 7, 2005. While I empathize with the situation you and your husband are facing, John Hancock is not responsible for the alleged misconduct of Henry Demers relative to J. O. Demers Beef, Inc. and/or your husband, Dennis V. Demers. In this regard, I must disagree with your assertion that the Company has a "moral obligation" to reinstate the life insurance policies in question.

Thank you for your attention to this matter.

Yours truly,

William A. Gottlieb
Assistant vice President and Senior Counsel

WAG:lce

JACK REED
RHODE ISLAND

COMMITTEES

ARMED SERVICES
BANKING
HEALTH AND EDUCATION
JOINT ECONOMIC COMMITTEE

# United States Senate

WASHINGTON, DC 20510-3903

PLEASE RESPOND TO:

WASHINGTON, DC:
728 HART SENATE OFFICE BUILDING
WASHINGTON, DC 20510-3903
(202) 224-4642

RHODE ISLAND:
✔ 201 HILLSIDE ROAD
SUITE 200
GARDEN CITY
CRANSTON, RI 02920-5602
(401) 943-3100

U.S. FEDERAL COURTHOUSE
ONE EXCHANGE TERRACE
ROOM 408
PROVIDENCE, RI 02903-1773
(401) 528-5200

1-(800) 284-4200

TDD RELAY RHODE ISLAND
1-(800) 745-5555

http://reed.senate.gov

August 3, 2005

Mr. A. Michael Marques, Director
Rhode Island Department of Business Regulation
233 Richmond Street
Providence, RI 02903

Dear Mr. Marques:

I am writing to you on behalf of my constituent, Mrs. Mary L. Demers of Narragansett, Rhode Island, who contacted my office regarding several issues, however, makes mention with regard to Beacon Mutual and John Hancock Financial Services.

Enclosed please find the information I have received from my constituent. Please know that my assistance has been requested in this matter.

Pursuant to all applicable rules and regulations, I respectfully request your review of this matter. Please direct your written response to my State Office in Cranston, Rhode Island.

Thank you in advance for your prompt assistance in this matter.

Sincerely,

Jack Reed

Jack Reed
United States Senator

PRINTED ON RECYCLED PAPER

April 18, 2005

Via email and First Class Mail
Dennis and Mary Demers
231 Sunny Brook Farm Road
Narragansett, RI 02882

Dear Dennis and Mary:

This letter is in response to Mary's email to me this afternoon, copy attached. My sense from your email is that you are dissatisfied with my legal representation. As I have indicated to you previously, both orally and in writing, if you are in any way dissatisfied with my representation, you should immediately seek alternative counsel. I will, of course, cooperate fully in any transition.

That being said, I am surprised that you are so upset with the current status because we have made so much positive progress. According to my discussions with Jon Savage, UPS Capital appears to be willing to allow Dennis and Henry to bid for each other's stock. The wining bidder would then be liable on the UPS loan (or on a new UPS loan to replace the old UPS loan). The losing bidder would get (i) the amount of the bid by the winning bidder in cash in exchange for his stock; and (ii) a discharge on the UPS obligation.

In other words, if you win, you get the company subject to its current debt load; if you lose, you get the amount of Henry's bid in cash. It appears to be a "win, win," provided you can get sufficient financing to bid up to the amount that you determine the company is worth. If you get the financing, you can control your own destiny.

You have told me that you want to seek financing without Ed Rendine's assistance because you cannot afford to pay his fee.

The UPS arrangement is not yet in writing and you should not rely upon it until it is in writing. However, it is an extraordinarily positive development, because it would limit the new financing that you would need to obtain to (i) the equity (i.e. the amount you bid for Henry's stock) and (2) the line of credit for working capital. You would, of course, be liable on the UPS debt, the administrative debt, and all other debt of the company. The Receivership Court would have to approve of the arrangement and allow the Receivership proceeding to be dismissed after notice to all creditors and a hearing thereon.

You should get a better understanding of the value of the Company when John Brough completes his valuation.

*Henry Dean Demers*
*80 Fisher Road, Unit 71*
*Cumberland, RI 02864*

Jan - Barred from Business

January 25, 2005

Peter J. Furness, Esquire
Brennan, Recupero, Cascione
Scungio & McAllister, LLP
362 Broadway
Providence, RI 02909

**Re: J.O. Demers Beef, Inc.**

Dear Mr. Furness:

I am once again writing to you as the attorney for the above corporation. Rather than recite the whole litany of Dennis Demers erratic counter productive and illegal conduct I would like to take this opportunity by way of brief preamble to point out the following. Dennis last appeared at the corporate work place on November 30th of last year. What little work he was doing prior to that time has now ceased entirely. He is applying for and apparently about to receive or receiving TDI from that date forward and continuing. In addition of course to the money he has stolen from the company, he continues to receive his regular paycheck with the apparent unwritten understanding that he is not to appear at the corporate workplace nor to have anything to do with any corporate business whatsoever nor certainly is his wife to come to the corporate workplace. The money he is receiving by way of pay for no work is of course ostensibly to be credited against the ultimate purchase price for his interest in the corporation. The stolen money of course should be returned. This again has not been commemorated in a signed writing. As the only responsible and working individual in the corporation this expenditure to Dennis is unjustified without a signed document commemorating Dennis's departure, the credits for his pay and the return of the stolen money. Despite the fact that he has changed lawyers at least three (3) times, I wish you to advise him that the company will not pay him another dime after January 31, 2005, without a specific writing and a time table embodying his absence from the corporate premises, the credit for funds properly paid and a mechanism for dealing with the stolen money.

Barred

Please advise him immediately and whoever his attorneys might be of my position expressed in this correspondence.

Dc-AR

Very truly yours,

[signature]

Henry Dean Demers

Mr. Dennis Demers

Demers Food Service

171 St. Augustine Street

Woonsocket, RI 02895

Dear Dennis:

Mary Sullivan
Hank
Furness

I am in receipt of your fax to me and respond as follows: Hank did not make a written counterproposal to you for the purchase of the business.

I have put a call into Hank and a call to Econotel to discuss the phone system and hope to have an answer in a short period of time for you.

With regard to the $5,115 reimbursement, the reimbursement is for the Healthmate charges that were incorrectly deducted from Hank's pay (for the pay periods of January 1, 2004 through August 14, 2004 at the rate of $155 per week for 33 weeks). Also, it is my understanding that your pay was $2,000 a month and Hank's was $1,500 a month (for the pay periods of August 13, 2004 through September 17, 2004 at the rate of $500 per week for 6 weeks), or a difference of $3,000.

Hank has provided me information, that as of September 29, 2004, you have taken twenty-four (24) days off and eight (8) half days off. Under the Agreement, you have exceeded the permitted time off by eight (8) days. Hank has suggested that you have been paid $3,200 (8 days X $400) in salary for unpaid time off. Hank has requested your reimbursement of the $3,200 to the Company or your authorization for him to receive $3,200 from the Company.

3300
+ 1800
$5,000
TOTAL

[...] have any questions or concerns.

THROUGH
W/E 10/15/04
act 1 14.15 OUT
act 7 8 13 PM OFF
4 1/2 4500 1800 [illegible]
1800

Furness

J.O.DEMERS BEEF, INC. (Co. # : DEMERS00) F/S GRP-3
Year End: 04/30/2005
FINANCIAL STATEMENT GROUPING

| Account | Prelim | Adj's | Reclass | Rep | T | A | Ref | Rep 04/04 | %Chg |
|---|---|---|---|---|---|---|---|---|---|
| 7780 REPAIRS-VEHICLES | 14,654.82 | 13,000.30 | 0.00 | 27,655.12 | | ✓ | | 16,510.21 | 68 |
| **112 R&M - VEHICLES** | **14,654.82** | **13,000.30** | **0.00** | **27,655.12** | | | | **16,510.21** | **68** |
| 7840 GAS & OIL-VEHICLES | 40,991.79 | 6,038.78 | 0.00 | 47,030.57 | ✓ | | | 41,750.72 | 13 |
| **114 GAS & OIL - VEHICLES** | **40,991.79** | **6,038.78** | **0.00** | **47,030.57** | | | | **41,750.72** | **13** |
| 7770 DEPR -TRUCKS & AUTOS | 4,464.00 | 1,498.48 | 0.00 | 5,962.48 | | | 6A | 6,705.60 | (11) |
| **116 DEPRECIATION - VEHICLES** | **4,464.00** | **1,498.48** | **0.00** | **5,962.48** | | | | **6,705.60** | **(11)** |
| 7875 EQUIPMENT LEASE EXPENSE | 71,016.84 | 7,407.92 | 0.00 | 78,424.76 | | | | 84,588.05 | (7) |
| **118 EQUIPMENT LEASE** | **71,016.84** | **7,407.92** | **0.00** | **78,424.76** | | | | **84,588.05** | **(7)** |
| 6370 PAYROLL TAXES | 53,155.36 | 19,138.64 | 0.00 | 72,294.00 | | | 13A | 72,317.87 | 0 |
| **120 PAYROLL TAXES** | **53,155.36** | **19,138.64** | **0.00** | **72,294.00** | | | | **72,317.87** | **0** |
| 7841 AUTO ALLOWANCE | 8,500.00 | 3,900.00 | 0.00 | 12,400.00 | | | | 10,600.00 | 17 |
| **122 EMPLOYEE AUTO ALLOWANCE** | **8,500.00** | **3,900.00** | **0.00** | **12,400.00** | | | | **10,600.00** | **17** |
| 7860 VEHICLE-CITY TAXES | 1,152.00 | 384.00 | 0.00 | 1,536.00 | | | | 1,440.00 | 7 |
| **124 CITY TAXES - VEHICLE** | **1,152.00** | **384.00** | **0.00** | **1,536.00** | | | | **1,440.00** | **7** |
| 7650 LICENSES AND FEES | 1,003.76 | 9.65 | 0.00 | 1,013.41 | | | | 120.00 | 745 |
| 7870 VEHICLE REGISTRATION | 2,182.13 | 406.00 | 0.00 | 2,588.13 | | | | 616.00 | 320 |
| **128 REGISTRATION & FEES - VEHICL** | **3,185.89** | **415.65** | **0.00** | **3,601.54** | | | | **736.00** | **389** |
| 7620 ADVERTISING | 1,153.32 | 752.66 | 0.00 | 1,905.98 | | | | 2,244.52 | (15) |
| **130 ADVERTISING** | **1,153.32** | **752.66** | **0.00** | **1,905.98** | | | | **2,244.52** | **(15)** |
| 8040 OFFICE SALARIES | 189,691.59 | 76,543.93 | 0.00 | 266,235.52 | | | 13A | 249,690.07 | 7 |
| **134 OFFICE SALARIES** | **189,691.59** | **76,543.93** | **0.00** | **266,235.52** | | | | **249,690.07** | **7** |
| 8020 OFFICERS SALARIES | 192,150.95 | 26,000.00 | 0.00 | 218,150.95 | | | | 200,000.00 | 9 |
| **135 OFFICERS' SALARIES** | **192,150.95** | **26,000.00** | **0.00** | **218,150.95** | | | | **200,000.00** | **9** |
| 8295 AMORTIZATION | 1,980.00 | 660.00 | 0.00 | 2,640.00 | | | | 2,640.00 | 0 |
| **136 AMORTIZATION** | **1,980.00** | **660.00** | **0.00** | **2,640.00** | | | | **2,640.00** | **0** |
| 8060 AUDITING & ACCOUNTING | 31,585.00 | 0.00 | 0.00 | 31,585.00 | | | | 29,126.00 | 8 |
| 8080 LEGAL | 33,224.63 | 110,759.85 | 0.00 | 143,984.48 | | | | 5,818.50 | 2375 |
| 8200 DATA PROCESSING-GL | 21,045.43 | 0.00 | 0.00 | 21,045.43 | | | | 3,169.23 | 564 |
| **140 LEGAL & PROF** | **85,855.06** | **110,759.85** | **0.00** | **196,614.91** | | | | **38,113.73** | **416** |
| 8120 TELEPHONE EXPENSE | 11,464.86 | 1,822.99 | 0.00 | 13,287.85 | | | | 16,844.44 | (21) |
| **142 TELEPHONE** | **11,464.86** | **1,822.99** | **0.00** | **13,287.85** | | | | **16,844.44** | **(21)** |
| 6750 BAD DEBT EXPENSE | 2,687.67 | 0.00 | 0.00 | 2,687.67 | | | | (15,000.00) | (118) |
| **144 BAD DEBT EXPENSE** | **2,687.67** | **0.00** | **0.00** | **2,687.67** | | | | **(15,000.00)** | **(118)** |
| 8150 OFFICE SUPPLIES | 17,680.05 | 4,455.52 | 0.00 | 22,135.57 | | | | 21,040.71 | 5 |
| 8170 POSTAL SERVICE | 2,927.83 | 371.42 | 0.00 | 3,299.25 | | | | 3,672.09 | (10) |
| 8340 BANK SERVICE CHARGES | 8,492.94 | 2,397.30 | 0.00 | 10,890.24 | | | | 5,222.57 | 109 |
| **146 OFFICE SUPPLIES & EXPENSE** | **29,100.82** | **7,224.24** | **0.00** | **36,325.06** | | | | **29,935.37** | **21** |
| 8350 PAYROLL PROCESSING FEES | 1,645.23 | 710.05 | 0.00 | 2,355.28 | | | | 3,677.49 | (36) |
| **148 PAYROLL PROCESSING** | **1,645.23** | **710.05** | **0.00** | **2,355.28** | | | | **3,677.49** | **(36)** |

Eliminate 145,000 Per yr.

Eliminate $165,000 Per yr.

Legal from 57

Save 25,000 Per yr

07/07/05
4:21 PM

12,000 8 Kerry 4 Bill Jack Mom ?

20,000 Per month

MPLOYEE AT-0151

UnitedHealthcare
A UnitedHealth Group Company

Page: 4 of 4

2016473PBE0025903
DEMERS FOOD SERVICE
PO BOX 1079
WOONSOCKET RI 02895-0000

Invoice No: 0001632696
Invoice Date: Jul 19, 2004
Customer No: 120604
Bill Group: 1
Coverage Pd: 08/01-07/31/2004
Due Date: Aug 01, 2004

## Adjustment Invoice Detail

| Name / Charge Period | Plan | ID | Coverage | Volume(000's) | Status | Charge Amount |
|---|---|---|---|---|---|---|
| ERS, HENRY D | | 035389368-00 | | | | |
| 06/01-06/30/2004 | CHOYC+ | | ESC | | Chg | $ -749.23 |
| 07/01-07/31/2004 | CHOYC+ | | ESC | | Chg | $ -749.23 |
| 06/01-06/30/2004 | CHOYC+ | | EC | | Chg | $558.52 |
| 07/01-07/31/2004 | CHOYC+ | | EC | | Chg | $558.52 |
| RINE, JEANNETT M | | 033582217-00 | | | | |
| 06/01-06/30/2004 | CHOYC+ | | E | | Chg | $272.45 |
| | | | TOTAL | | | $ -108.87 |

Please contact your Billing/Accounts Receivable Representative if you have any questions.
Thank you. 1-800-357-0978

This invoice covers eligibility charges from the following entities:

UHC OF NEW ENGLAND, INC.

Employee
Spouse
child

Girlfriend

$533.59

$582.76

GRN(33802)

oller.jsp?levelUid=All 10/7/2004

CLI [illegible]
CL [illegible] (401)769-5400
DA [illegible]

49-2807 J O DEMERS BEEF INC

PRESENTATION SHEET - CYCLE CODES 1 2 3 4 5 6

ABS Phone: (401)941-5600 Page 1
ABS Fax : (401)941-8899 Spec: LAURA X 8

PAY ENDING DATE -

| EMPLOYEE INFORMATION | | REGULAR 1 | OVERTIME 1 | SALARY $ | VACATION | HOLIDAY | OTH | EARN GROSS ADJU | NET ADJUST | CAR ALLOWA |
|---|---|---|---|---|---|---|---|---|---|---|
| [illegible] 40.00<br>[illegible] MARY ANN | S | | | *no Pay* | | | | | | |
| [illegible] 40.00<br>[illegible] V | S | | | *no Pay* | | | | | | |
| WK 2807[illegible] 40.00<br>DEMERS, [illegible] V | S | 40.00 | | *2 Pay Salary & Vacation* | | | | | | |
| WK 280700004 40.00<br>DEMERS, HENRY | S | | | *No Pay* | | | | | | |
| WK 280700005 40.00<br>DESLAURIERS, STEPHEN | S | 40.00 | | | | | | | | |
| [illegible] 40.00<br>[illegible] WILLIAM | S | 40.00 | | | | | | | | |
| WK 28070[illegible]<br>[illegible], RICHARD | H | 18.5000 | | | | *8* | | | | |
| WK 280700008<br>SULLIVAN, MARY A | H | [illegible] | | | | | | | | |
| WK 280700012<br>[illegible] L | H | [illegible] | | | | | | | | |
| WK 2807000[illegible]<br>[illegible], MATTHEW | H | 10.0000 *3825* | | | | | | | | |
| WK 280700018<br>BOUCHER, CHAD D | H | 12.0000 *40* | *1* | *stopped ~~payment~~ payment issue* | | | | | | |
| WK 280700021<br>MATHEWSON, DANIEL | H | 11.5000 *16* | | | | *8* | *2 day F* | | | |
| WK 280700009<br>DORAN, ADAM A | H | 12.0000 *40* | *225* | | | *8* | | | | |
| WK 280700010<br>DEMERS, MARC R | H | 11.0000 *35 25* | | | | *8* | | | | |
| WK 280700011<br>[illegible], NORMAN T | H | 11.5000 *40* | | | | *8* | | | | |
| [illegible]00012<br>[illegible], JASON E | H | 11.5000 *35* | | | | *8* | | | | |

*0 Single*

*Salary (4.Td) Agen → Girlfriend*