creditors and other parties in interest relative to the aforedescribed matters.

5. Your Petitioner, in accordance with the Order of this Honorable Court, forwarded Notice to all of Defendant's creditors as to the initiation of the within proceeding and gave notice to said creditors of the Hearing on Appointment of a Permanent Receiver.

6. On March 7, 2005, your Petitioner attended said Hearing before this Honorable Court and was appointed Permanent Receiver over Defendant's assets, thereafter duly qualified by posting surety bond in the amount of $10,000.00 and has since that date acted as Permanent Receiver of Defendant's assets.

7. Your Receiver has continued operations at the Premises. Immediately after your Petitioner's appointment as Receiver, it was necessary to spend significant time making arrangements with all critical vendors to ensure that service to existing customers continued uninterrupted. Furthermore, your Receiver continues to keep those critical vendors apprised of developments on a regular basis in order to continue to receive product on a regular basis.

8. With the approval of this Court, your Receiver engaged the accounting services of Prescott Chatellier Fontaine Wilkinson LLP to assist your Receiver with routine accounting matters and the preparation of current financial statements and necessary tax returns. Furthermore, and also with the approval of this Court, your Receiver engaged the services of DiSanto Priest & Co. to provide your Receiver with an estimate of the current fair value of the Defendant Corporation. Your Receiver will thereafter be better prepared to either negotiate a settlement with the shareholders in dispute or to evaluate offers received for the corporate assets.

9. Shortly after your Receiver's appointment, two of the sales representatives abruptly announced their resignation from the Defendant Corporation. After a number of inquiries, your Petitioner learned that the salespeople intended to commence working for a direct competitor of the Defendant Corporation with the intention of transitioning a significant portion

RECEIVED APR 05 2005

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

DENNIS DEMERS :
:
: P.C. No.: 05-0703
VS. :
:
J.O. DEMERS BEEF, INC. :

**~~PROPOSED~~ ORDER**

This matter came on for hearing by conference before Mr. Justice Procaccini for review of the status of the receivership, and after conference, it is hereby ordered, adjudged, and decreed that:

1. The matter is continued for further conference to May 6, 2005, at 9:00 AM before this honorable court.
2. Any party may file further pleadings to be addressed at the next scheduled conference.
3. The continued conference will address, among other things, the receiver's progress with respect to the engagement of an evaluating accountant and scheduling of the bidding and or liquidation of the corporation.

ENTERED ~~as an Order~~ of this Honorable Court this 4th day of April 2005.

ENTERED:

Procaccini, J.

Justice

4-4-05

ORDERED:

Judith A. B[illegible]

Clerk

4-4-05

Mr. Peter Jazwinski
POLEAN Foods Inc.
P.O. Box 52
East Norwich, NY 11732

December 14, 2005

Dear Mr. Jazwinski:

I wanted to write this letter to you after our brief conversation in RI Superior Court on Monday December 12, 2005. Once again, I want to tell you how sorry I am that J.O. Demers Foodservice of Woonsocket RI owes you money. My Dad started this company when I was 13 years old. I worked for him all this time and I am now 63 years old. For 50 years there was never a time when the suppliers went unpaid.

I am damn grateful that I am here today to write this letter. Last holiday season I spent 5 days in an Intensive Care Unit. The worry about my business almost killed me. I have always cared deeply about my customers, my employees and my suppliers. It is a new generation now, different values and different business practices.

I thank God for my wife and three children. They have helped me get through the last 12 months. You cannot know how sorry I am. I know how hard it is to run a small business. I appreciate that you took the time to come to Court and address your issue. Physically I feel great now, but emotionally my heart is broken to think of how many companies have been impacted by this situation. Once again please accept my apology. Thank You.

Sincerely,
Dennis Demers

231 Sunnybrook Farm Road
Narragansett, RI 02882

POLEAN
FOODS
INC.
P.O. BOX 52 EAST NORWICH, NY 11732
TELEPHONE
(516) 922-9333
FAX (516) 922-1429
PETER JAZWINSKI

EL infonet.com
Employment Law Information Network

Google
Web www.elinfonet.c

**New York Civil Rights Law**
20 Plus Years of Experience Millions of Dollars For Our Clients
oneillaw.com

**Honorable and Legal**
Options to paying off your debt without a bankruptcy or a loan.
www.chapter7-11-13.net

**Data Security Compliance**
Comply with GLBA data security r
Free White Paper
www.Vontu.com/glba_compliance

Ads by Goooooogle

Adverti

**Articles**
Federal Law
State Law
Most Recent
Hot Topics!
Most Popular
Case Law

**Human Resources**
HR Policies
HR Forms
Contracts
Seminars

**Free Newsletters**
Daily Update
Weekly Update

**Employment Laws**
Federal Laws
Employee Rights

**EL Experts**
EL Blog

**Lawyer Directory**
For Employers
For Employees

**Jobs**
All Jobs
HR Jobs

## Statute Summary

# 42 U.S.C. § 1983
# (Civil Rights Act of 1871)

### GENERAL

A person states a claim under 42 U.S.C. § 1983 if he alleges that the defendant deprived him of a constitutional right while acting "under color" of state law. Specifically, § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

### LIMITATION PERIOD & FILING REQUIREMENTS

In actions under Section 1983, a court must ascertain the analogous underlying cause of action under state law and apply the applicable statute of limitations. There is no requirement to file with the EEOC or administrative agencies before instituting a Section 1983 action in court.

### JURISDICTION

In order to state a claim under § 1983, a plaintiff must allege a violation of rights secured by the Constitution or laws of the United States, and that such violation was committed by a person acting under the color of state law.

### REMEDIES and DAMAGES

Section 1983 permits victims of employment discrimination to obtain a jury trial at which both equitable and legal relief, including compensatory and, under certain circumstances, punitive damages may be awarded. Johnson v. Railway Express Agency, Inc., 421 U.S. 454 (1975).