US District Court
District of Rhode Island
**Civil Docket for Case # 1:06-cv-00168-ML-LDA**

May 2, 2006

# MOTION OF DENNIS & MARY DEMERS FOR TEMPORARY RESTRAINING ORDER AND PRILIMINARY INJUCTION AGAINST STATE OF RHODE ISLAND & JONTHAN SAVAGE, AS ITS AGENT THE RECIEVER FOR J.O.DEMERS BEEF, INC aka DEMERS FOODSERVICE

Demers et al vs. State of Rhode Island et al


Plaintiff
**Dennis V. Demers**
**Pro Se**

**represented by Dennis V. Demers - Pro Se**
**231 Sunnybrook Farm Road**
**Narragansett, RI 02882 US**
**401-783-7404**

Plaintiff
**Mary L. Demers**
**Pro Se**

**represented by Mary L. Demers - Pro Se**
**231 Sunnybrook Farm Rd**
**Narragansett, RI**
**401-783-7404**


**V.**

Defendant
**State of Rhode Island**

Defendant
**Jonathan Savage**

**REQUEST for TEMPORARY RESTRAINING ORDER & INJUNCTIVE RELIEF**
**Demers et al vs. State of Rhode Island et al**

Dennis and Mary Demers, the Plaintiffs hereby moves this Court for a temporary restraining order and for a preliminary injunction against the State of Rhode Island and its agent Jonathan Savage, as the Reviver for J.O.Beef Co. aka. Demers Food Service, and to enjoin each of these parties from: 1) any further action in the Superior Court of Rhode Island, the Supreme Court of Rhode Island including: Hearings, Actions, Motions, Orders, Processes, Decisions or other Court proceedings until such time as a full accounting of the actions of the Receiver may be initiated. 2) The Demers compel the US District Court to restrain any further proceedings in the RI Court System so that it may be determined if Jonathan Savage has complied with the guidelines, rules, laws, statues and regulations, of RI that govern Receivership proceedings. 3) We beg this of the COURT.

**Dennis and Mary Demers compels the Court that (1) this is a proper case for issuance of an order to show cause and (2) that, unless the Court issues a temporary restraining order, Dennis and Mary Demers will suffer irreparable injury before the matter can be heard on formal notice.**

**As grounds for the within motion, the Demers state as follows:**

- On February 11, 2005, the Superior Court appointed Jonathan Savage as Receiver for Demers Beef.
- The Order appointing the receiver for Demers Beef prohibits "any other person "from "taking or attempting to take into possession any property in the possession of the Defendant or of which the Defendant has the right to possession..." See Order Appointing Permanent Receiver.
- Pursuant to R.I. Gen. Laws 7-1.1-91 AND 7.1.1-97.1, The Superior Court has the power to grant injunctive relief and to preserve the corporate assets wherever situated"...until a full hearing can be heard.
- In February 2005 this was a company with shareholder issues. For 50 years this was a healthy, financially well operating business lead by Dennis Demers as President.
- By March 2006 Mr. Savage was reporting to the Court that the company was insolvent which occurred under Mr. Savage's stewardship.
- Dennis Demers was the primary asset of Demers Beef, he was obstructed from entering his plant or seeing his records when he became incapacitated.
- Mary Demers emailed Attorney General Patrick Lynch on three occasions about this Receivership, Mr. Lynch responded that he would refer this matter to Alan Goulert of his office.
- Mary Demers spoke with Alan Goulert the Head of the Criminal Division of the Attorney General Office. No action was taken by the Attorney General office.

- The Attorney General Office was aware for months that Dennis and Mary Demers had grave reservations about the conduct of Jonathan Savage.
- The Demers requested assistance from the RI State Police , the answer to that request was that it was in the hands of the Receiver- a "Catch 22"
- Mr. Savage did nothing about issues of embezzlement when informed by Dennis Demers and employees of Demers Food Service.
- There is no way of knowing without an examination of all of the financial records of this receivership what happened to the assets.
- Dennis Demers was 50% shareholder in this corporation
- The average yearly sales for Demers was 13 million dollars
- Dennis yearly salary was $100,000. He no longer has a salary, or a company, and is living on his wife salary and disability for the government. Mrs. Demers salary, and Mr. Demers disability payment, are not sufficient to pay their mortgage or expenses.
- Even though Dennis Demers was incapacitated, and forced from his business by Mr. Savage, he is being held to the personal guarantee of the mortgages for this company with out any control over what happened to the company.
- There is a $387,000 lien against Dennis and Mary Demers home because of the guarantees on J.O. Demers Beef company
- The receivership estate holds $200,000 of Mary Demers money that is being held, as non-refundable. An extremely harsh requirement of the Court of RI. Dennis and Mary Demers were the only 2 people held to this standard. No other bidder was required to pledge that amount of money, as non-refundable.
- Mr. Savage has stated that after receiving over $400,000 in legal fees for his role as receiver, that he will ask the court to grant him the $200,000 so that he may use this money to defend himself in this lawsuit.
- Dennis Demers company funds were used in this same manner to sue him. In essence the lawyers involved for Henry Demers have used Dennis Demers money to sue him.
- Mr. Savage will do the same thing if he is successful before the Superior Court.
- The RI Receivership system needs to be brought out into the "sunshine"'. It is a dark, secretive system, of "buddyism, cronyism, nepotism, and favoritism" and it is an <u>extremely lucrative system</u>.
- **Plaintiff**, Dennis & Mary Demers adopt and reallege every statement made in the Complaint and the Amendments to the Complaint, brought against the Defendants. Dennis and Mary Demers contend that the Defendants have shared, and mandatory responsibility to ensure the integrity of Receivership proceedings

in Rhode Island.

- Plaintiffs Mary & Dennis Demers declaring that the Defendants and each of them have, and continue to be in violation of their shared and statutory duties to provide for, protect and ensure that each citizen of Rhode Island enjoys equity rights in the RI Court Receivership system.
- The Defendants, acts and omissions in violation of their respective and shared Constitutional and Statutory duties pose and immediate threat to Dennis and Mary Demers.
- Plaintiffs have had no adequate remedy of Law for their rights that have been violated by the Defendants. These rights were granted to Dennis and Mary Demers under the 4th and 14th Amendment to the Constitution of the United States.
- There was $1.2 million dollars owed to creditors of this company. There is no money in the receivership to pay these claims.

**Dennis and Mary Demers are both in ill health. Dennis and Mary Demers are facing foreclosure on their home, and will be forced to file for bankruptcy. They have limited financial resources. They incurred $250,000 in legal fees. Dennis and Mary Demers have no resources left to pay for food or clothing, heat or electricity. The loss of income resulted from the legal actions of putting the company into receivership when Dennis Demers was incapacitated as the result of a Stroke. The Demers ask the question how could something like this happen in our country where there is a Constitution.**

## The punitive actions of the State of Rhode Island, and Jonathan Savage as their Agent violated equity in the RI Court, and the Demers Constitutional Rights.

Wherefore, Dennis and Mary Demers, Plaintiff request that the US District Court enter a temporary restraining order against any further actions of the RI Court system concerning the receivership of J.O. Demers Beef company until such time as a full investigation of these allegations is completed for this matter. In support of said motion, Dennis and Mary Demers herby submit Affidavit and Memorandum of Law.

AFFIDAVIT OF DENNIS V. DEMERS
I herby swear on my oath that all statements
presented above are true to the
best of my knowledge.

Dennis V Demers

AFFIDAVIT OF MARY L.DEMERS
I hereby swear on my oath that all statements presented above are true to the best of my knowledge

Mary L Demers

I hereby certify that on this 2nd day of May, 2006, I mailed a copy of the above Notice for Request for TRO by regular first class U.S. mail, postage pre-paid on the 2nd day of May, 2006, addressed to RI Attorney General's office 150 South Main St. Providence RI 02903 & Jonathan Savage 1080 Main Street, Pawtucket RI
Signature of Mary L. Demers Mary L. Demers