UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENNIS V. DEMERS, and<br>MARY L. DEMERS | : | |
| vs. | : | C.A. No.: 06-168ML |
| STATE OF RHODE ISLAND and<br>JONATHAN SAVAGE | : | |

**DEFENDANT STATE OF RHODE ISLAND'S MOTION TO DISMISS**

Now comes Defendant, State of Rhode Island and hereby moves this Honorable Court to dismiss this action in its entirety for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. A memorandum in support hereof is attached.

Respectfully submitted,

STATE OF RHODE ISLAND
By Its Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

Laura A. Marasco, Bar No. 6678
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel. (401) 274-4400 Ext. 2297

**CERTIFICATION**

I, the undersigned hereby certify that I hand delivered a copy of the document, postage prepaid on this 8th day of May, 2006 to those indicated below:

_______________________

Dennis V. Demers
231 Sunnybrook Farm
Narragansett, RI 02882

Mary L. Demers
231 Sunnybrook Farm
Narragansett, RI 02882

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

DENNIS V. DEMERS, and
MARY L. DEMERS

vs. C.A. No.: 06-168ML

STATE OF RHODE ISLAND and
JONATHAN SAVAGE

## DEFENDANT STATE OF RHODE ISLAND'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

## INTRODUCTION

Defendant, State of Rhode Island ("State") hereby moves this Honorable Court to dismiss this civil action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## JUDICIAL NOTICE

For purposes of this Motion to Dismiss, Defendant requests this Court to take judicial notice of the State court proceedings. Defendant has attached a certified copy of the Docket Sheet for Superior Court C.A. No.: PC 2005-0703, entitled *Dennis Demers v. J.O. Demers Beef, Inc. and The Beacon Mutual Insurance Company*, as **Exhibit A.** *See Cruz v. Melecio*, 204 F.3d 14, 20 (1st Cir. 2000) ("The jurisprudence of Rule 12(b)(6) requires us to consider not only the complaint, but also matters fairly incorporated within it and matters susceptible to judicial notice").

## THE COMPLAINT

Plaintiffs, Dennis V. Demers and Mary L. Demers ("Demers") bring this *pro se* action against this Defendant, the State of Rhode Island, as well as Attorney Jonathan Savage who is the court appointed receiver for J.O Demers Beef, Inc. ("J.O. Demers"). *See* Plaintiffs' First Complaint ("Complaint"). Plaintiff Dennis Demers has a pending suit in Rhode Island Superior Court. *See* Exhibit A. On February 11, 2005 Plaintiff Dennis Demers filed a Verified Petition for Receivership in the Rhode Island Superior Court. Id. This suit is currently on remand from the Rhode Island Supreme Court to make findings of fact and the Supreme Court has retained jurisdiction over a Motion to Vacate. Id. The gravaman of the instant complaint concerns Plaintiffs' claims that Savage, in his duties as receiver, has mishandled J.O Demers Beef, Inc. ("J.O. Demers") of which Dennis Demers was 50% owner. Plaintiffs seek multiple remedies, none of which are proper in this instance.

## ARGUMENT

### I. Plaintiffs' Second Amended Complaint is invalid.

Rule 15(a) of the Federal Rule of Civil Procedure provides that,

> [a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served . . .[o]therwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party.

In the instant case, plaintiffs filed a Second Amended Complaint on April without first obtaining leave of Court as required by Rule 15(a). Plaintiffs' Second Amended Complaint is therefore invalid and must be dismissed.

### II. This Court lacks subject matter jurisdiction over this matter.

**A. Legal Standard**

In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), a Court must construe the complaint liberally, treat all well-pleaded facts as true, and indulge all reasonable inferences in favor of the Plaintiff. See Aversa v. United States, 99 F.3d 520, 522 (1St Cir. 1996). It is the Plaintiff's burden to prove the existence of subject matter jurisdiction. Murphy v. United States, 45 F.3d 520, 522 (1st. Cir. 1995).

**B. Plaintiffs' Complaint is barred by the Doctrine of Judicial Immunity**

Although the instant complaint is captioned against "The State of Rhode Island," Plaintiffs' complaint makes clear that they are attacking the actions of the Rhode Island Courts[1] and its justices. For instance, in one of the very few instances any of the three complaints mention the actions of anyone but Defendant Savage, the first complaint states that they "sought the protection and guidance of the Rhode Island Court system." See, Complaint P. 1, ¶3. The Complaints also refer to Jonathan Savage alternately as "the Court appointed Receiver" and the "Receiver for the State of RI". See Complaint and Second Amended Complaint. Because it is clear that the Plaintiffs' complaint targets the actions of the Rhode Island Courts and its Justices, it is barred by the doctrine of judicial immunity.

The Court has held for nearly four hundred years that a judge is generally immune from suit. The Estate of Paul K. Sherman v. Antonio S. Almeida et al., 747 A.2d 470, 474 (2000) (citations omitted). Like other forms of official immunity, judicial immunity

[1] Plaintiffs mention both the Rhode Island Supreme Court and the Rhode Island Superior Court in their Complaits.

is immunity from suit, not just from ultimate assessment of damages. Mireles v. Waco, 502 U.S. 9, 11 (1991). Although a litigant may think this to be unfair or an injustice,

> "it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

Id. at 10, *citing* Bradley v. Fisher, 13 Wall. 335, 347, 20 L.Ed. 646 (1872). This is "for the benefit of the public, whose interest it is that judges should be at liberty to exercise their functions." Sherman, 747 A.2d 470 at 474. Immunity is overcome in only two sets of circumstances – (1) a judge is not immune from liability for nonjudicial actions and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Mireles 502 U.S. 9 at 11, 12 (citations omitted). Plaintiffs have failed to plead any absence of jurisdiction or that the judges' actions were not judicial in nature. Therefore, Plaintiffs' Complaint must be dismissed.

### C. The Rooker-Feldman Doctrine Bars Plaintiff's Complaint

This Court lacks subject matter jurisdiction over the instant action. The Rooker-Feldman doctrine "prohibits federal district and circuit courts from reviewing state court judgments. . . that are 'inextricably intertwined' with the claims adjudicated in a state court." Sheehan v. Marr, 207 F.3d 35, 39-40 (1st Cir. 2000). "A federal claim is inextricably intertwined with the state-court claims 'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" Id. at 40. "'Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" Hill v. Town of Conway, 193 F.3d 33,

39 (1st Cir. 1999). Review of such decisions can be made only in the United States Supreme Court pursuant to 28 U.S.C. § 1257. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482, 103 S.Ct. 1303, 1311, 1315 (1983).

Plaintiffs' claims for relief in this action fall squarely within the jurisdictional bar of the Rooker-Feldman doctrine. Plaintiffs seek a "full and complete investigation of the circumstances surrounding this Receivership." Complaint P. 2. For instance, the Plaintiffs seek this Court to review transcripts heard in front of Judge Fortunato and review of "false statements (lies) made to Supreme Court Justice Weisberger (Emeritus) by Mr. Savage." Id. These are clearly inextricable from the state-court claims because they are the state court claims. Accordingly, the Rooker-Feldman doctrine deprives the Court of subject matter jurisdiction over Plaintiffs' claims.

**D. The Younger Abstention Doctrine Bars Plaintiff's Complaint**

In Younger v. Harris, 401 U.S. 37, 44-45 (1971), Justice Black wrote that, "'Our Federalism', born in the early struggling days of our Union of States, occupies a highly important place in our Nation's history and its future." It undergirds "the fundamental principle of comity between federal courts and state government . . .." Tomaiolo v. Transam. Corp., 131 F. Supp. 2d 280, 289 (D.R.I. 2001), aff'd 281 F.3d 1 (1st Cir. 2002). See also Mitchum v. Foster, 407 U.S. 225, 243 (1972) ("principles of equity, comity, and federalism must nonetheless restrain a federal court").

Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts. Younger, 401 U.S. 37 at 43. Plaintiffs have alleged nothing, and, indeed, cite to nothing, that in anyway justifies or permits federal

intervention in a State civil case that involves the laws and procedures of the sovereign State of Rhode Island. Thus, this Court must dismiss this complaint as it is an improper attempt to interfere with the judicial process of a sovereign State.

Because the issues raised in this federal lawsuit are presently pending before the Rhode Island Courts, the effect of this Honorable Court's jurisdiction would be to substantially disrupt the proceedings currently pending in the Rhode Island Superior and Supreme Courts. Therefore, the Younger Doctrine bars review and Plaintiffs' Complaint must be dismissed.

## III. **Plaintiffs Fail To State A Claim Upon Which Relief Can Be Granted.**

### A. **Legal Standard**

For the purposes of a motion to dismiss pursuant to Rule 12 (b)(6), the allegations of the compliant must be construed in the light most favorable to the plaintiff. Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). A *pro se* complaint is due "an extra degree of solicitude" and will be liberally construed. Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must except all well-pled factual averments as true, and draw all reasonable inferences in Plaintiff's favor. Gooley, 851 F.2d at 514.

### B. **Plaintiff's Complaint Fails to State a Cause of Action**

Although a *pro se* complaint will be liberally construed, this Complaint fails to state a cause of action upon which relief can be granted, and accordingly, must be dismissed. In particular, Plaintiffs' complaint does not allege any wrong doing by the

Rhode Island Courts nor do they seek any relief from the Courts. The Plaintiffs allegations are of the "manipulation of the RI legal system by Mr. Savage" not allegations of any cognizable claim against the Rhode Island Courts.

Although difficult to follow and understand, Plaintiffs' Complaint seems to be alleging, for the most part, dissatisfaction with the actions and orders of the Rhode Island Superior Court and the Supreme Courts. However, the remedy of a dissatisfied and disappointed litigant is not a civil suit in a different forum; it is, instead, an appeal to a higher court. In this case, the State suit is still pending, a portion of it currently awaiting findings of fact by the Rhode Island Superior Court to be reviewed by the Rhode Island Supreme Court.

Plaintiffs' seek relief under the Fourth and Fourteenth Amendments to the United States Constitution.[2] It should be noted that Plaintiffs have not brought any claim pursuant to 42 U.S.C. § 1983, and therefore, their constitutional claims are deficient. Plaintiffs' have failed to state a claim and the instant action must be dismissed.

Accordingly, Plaintiffs' complaint must be dismissed for failure to state a claim.

**CONCLUSION**

For the reasons discussed, Plaintiffs' action must be dismissed.

Respectfully submitted,

STATE OF RHODE ISLAND
By Its Attorney

PATRICK C. LYNCH
ATTORNEY GENERAL

[2] The Fourteenth Amendment claim was made in the second amended complaint and is therefore invalid.

Laura A. Marasco, Bar No. 6678
Special Assistant Attorney General
150 South Main Street
Providence, Rhode Island 02903
Tel. (401) 274-4400 Ext. 2297

**CERTIFICATION**

I, the undersigned hereby certify that I hand delivered a copy of the document on this 8th day of May, 2006 to those indicated below:

Dennis V. Demers
231 Sunnybrook Farm
Narragansett, RI 02882

Mary L. Demers
231 Sunnybrook Farm
Narragansett, RI 02882

# EXHIBIT A

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2005-0703 DENNIS DEMERS V J O DEMERS BEEF INC

Filing Date: 02-11-2005
Case Status: UNASSIGNED

Case Type: RECEIVERSHIP
Status Date: 02-11-2005

Plaintiff: DENNIS DEMERS
ID: @10239502
Attorney: CHRISTOPHER LAMBERT

Defendant: JO DEMERS BEEFINC
ID: @10258110
Attorney: FRANK MASTRATI

Defendant: THE BEACON MUTUAL INSURANCE COMPAN
ID: @10267702
Attorney: FRANK MASTRATI
Attorney: CHARLES LOVELL

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|
| 06-22-2005 | OTHER<br>CASE CONT BY AGREEMENT | P ZP | PROCACCINI |
| 07-19-2005 | MOTION FOR RELIEF<br>ORDER ENTERED | P CRT15 | PROCACCINI |
| 07-19-2005 | STATUS CONFERENCE<br>ORDER TO ENTER | P CRT15 | PROCACCINI |
| 07-28-2005 | TEMPORARY RESTRAIN ORDER<br>PASSED | P CRT15 | PROCACCINI |
| 08-12-2005 | MOTION<br>ORDER TO ENTER | P CRT11 | SILVERSTEIN |
| 08-24-2005 | PRELIMINARY INJUNCTION<br>STIPULATION TO ENTER | P CRT11 | SILVERSTEIN |
| 09-27-2005 | MOTION<br>ORDER TO ENTER | P CRT15 | FORTUNATO |
| 01-17-2006 | MOTION FOR RELIEF<br>COMPLETED | P CRT15 | FORTUNATO |
| 02-03-2006 | STATUS CONFERENCE<br>ORDER TO ENTER | P CRT15 | FORTUNATO |
| 02-08-2006 | MOTION TO STAY<br>CASE CONT BY AGREEMENT | P CRT15 | FORTUNATO |
| 03-10-2006 | RECEIVERSHIP PROCEEDINGS<br>ORDER ENTERED | P CRT15 | FORTUNATO |
| 03-27-2006 | RECEIVERSHIP PROCEEDINGS<br>ORDER TO ENTER | P CRT15 | FORTUNATO |
| 04-06-2006 | RECEIVERSHIP PROCEEDINGS<br>CASE CONT BY AGREEMENT | P CRT15 | FORTUNATO |
| 04-11-2006 | RECEIVERSHIP PROCEEDINGS<br>CASE CONT BY AGREEMENT | P CRT15 | FORTUNATO |
| 04-13-2006 | RECEIVERSHIP PROCEEDINGS<br>PASSED | P CRT15 | FORTUNATO |

True Copy Attest
Office of Clerk of Superior Court
Counties of Providence & Bristol
Providence Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2005-0703 DENNIS DEMERS V J O DEMERS BEEF INC

Case Jacket

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|

Docket Entry Information

| Date | Description | Text |
|---|---|---|
| 02-11-2005 | COMPLAINT FILED | |
| 02-11-2005 | ADVERTISED | ADVERTISED IN PROV JOURNAL ON 2-21-05. |
| 02-11-2005 | ORDER ENT APPT TEMP RECEIVER | APPT JON SAVAGE AS TEMP RECEIVER.BOND FILED IN THE SUM OF $10,000.00 WITH ANY SURETY CO. JUSTICE: DANIEL PROCACCINI |
| 02-11-2005 | CITATION ISSUED | |
| 02-11-2005 | ENTRY OF APPEARANCE | FOR HENRY DEMERS ENTRY ATTORNEY: LAWRENCE GOLDBERG |
| 02-11-2005 | OTHER DOCUMENT | HENRY DEMERS TO PURCHASE CORPORATION |
| 02-14-2005 | OTHER DOCUMENT | REPLY OF STOCKHOLDER HENRY DEAN DEMERS |
| 02-15-2005 | OTHER DOCUMENT | RECEIVER'S BOND FILED |
| 02-18-2005 | STIPULATION FILED | HEARING IS RESCHEDULED FOR 02-21-05 |
| 02-22-2005 | SUPOENA TO TAKE DEPO FILED | |
| 03-02-2005 | SUBPOENA DUCES TECUM | |
| 03-02-2005 | AFFIDAVIT OF SERVICE FILED | |
| 03-02-2005 | SUBPOENA DUCES TECUM | |
| 03-03-2005 | AFFIDAVIT OF NOTICE | AND FILING OF BOND |
| 03-03-2005 | OTHER DOCUMENT | CONVERSION -EVENT HISTORY- |
| 03-03-2005 | RECEIVERSHIP PROCEEDING | CONVERSION -EVENT HISTORY- |
| 03-04-2005 | ENTRY OF APPEARANCE | OF THE BEACON MUTUAL INSURANCE CO. ENTRY ATTORNEY: CHARLES LOVELL |
| 03-04-2005 | REQUEST | REQUEST FOR SERVICE ON BEHALF OF THE BEACON MUTUAL INS CO. |
| 03-07-2005 | MOTION TO APPOINT RECEIVER | JUSTICE: NETTI VOGEL |
| 03-07-2005 | GRANTED | |
| 03-18-2005 | NOTICE | BY HENRY DEAN DEMARS WAIVER OF ELECTION |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2005-0703 DENNIS DEMERS V J O DEMERS BEEF INC

| | | |
|---|---|---|
| 03-21-2005 | ENTRY OF APPEARANCE | FOR UPS CAPITAL BUSINESS CREDIT ENTRY ATTORNEY: JAMES SIMMONS |
| 03-24-2005 | ANSWER FILED | FROM DEF. |
| 03-24-2005 | ENTRY OF APPEARANCE | ENTRY ATTORNEY: C BENGTSON |
| 03-24-2005 | WITNESS SUBPOENA | |
| 03-30-2005 | ORDER ENT APPT PERM REC'R | JONATHAN SAVAGE JUSTICE: DANIEL PROCACCINI |
| 03-30-2005 | GRANTED | |
| 03-30-2005 | RECEIVERSHIP NOTICE ENTERED | JUSTICE: DANIEL PROCACCINI |
| 03-30-2005 | ADVERTISED | IN PROVIDENCE JOURNAL ON: 4-8-05 |
| 03-31-2005 | ENTRY OF APPEARANCE | FOR DEFT ENTRY ATTORNEY: FRANK MASTRATI |
| 03-31-2005 | MOT FOR TEMP RESTRAIN ORDER | ******************NO HEARING DATE********************** |
| 04-04-2005 | ORDER ENTERED, MOTION CONT'D | CONTINUED TO 05-06-05 JUSTICE: DANIEL PROCACCINI |
| 04-04-2005 | GRANTED | |
| 04-21-2005 | AFFIDAVIT OF NOTICE | BY ANN E O'DONNELL AND FILING OF BOND (COPY OF BOND NOT SIGNED IS ATTACHED) |
| 04-28-2005 | OBJECTION FILED | TO MOTION TO WITHDRAW NO RECORD OF MOTION |
| 04-29-2005 | OBJECTION FILED | TO MOTION TO WITHDRAW |
| 04-29-2005 | ORDER, MOT TO WTHDRW APPEAR | ORSON AND BRUSINI LTD MAY WITHDRAW JUSTICE: DANIEL PROCACCINI |
| 04-29-2005 | GRANTED | |
| 04-29-2005 | RECVERSHIP CNTRL CALNDAR RPT | |
| 04-29-2005 | RECEIVERSHIP PROCEEDING | CONVERSION -EVENT HISTORY- |
| 05-03-2005 | NOTICE | OF ORSON AND BRUSINI LTD TO PLF D.DEMERS. |
| 05-06-2005 | OTHER DOCUMENT | CONVERSION -EVENT HISTORY- |
| 05-06-2005 | RECEIVERSHIP PROCEEDING | CONVERSION -EVENT HISTORY- |
| 06-01-2005 | ORDER ENTERED | RECEIVERS FIRST INTERIM REPORT & REQUEST FOR FEES****SEE ORDER FOR DETA ILS***** JUSTICE: DANIEL PROCACCINI |
| 06-01-2005 | APPROVED | |
| 06-01-2005 | OTHER DOCUMENT | CONVERSION -EVENT HISTORY- |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2005-0703 DENNIS DEMERS V J O DEMERS BEEF INC

| | | |
|---|---|---|
| 06-02-2005 | AFFIDAVIT OF NOTICE | |
| 06-22-2005 | CASE CONT BY AGREEMENT | |
| 06-24-2005 | OTHER DOCUMENT | ltr by Louis J. Vallone. |
| 06-30-2005 | AFFIDAVIT FILED | 2 FILED.<br>Affiliated: DEMERS, DENNIS |
| 07-11-2005 | MOTION | FOR RELIEF FROM STAY07-19-05 - NOT A MTN DAY<br>Affiliated: THE BEACON MUTUAL INSURANCE COMPANY |
| 07-19-2005 | ORDER TO ENTER | |
| 07-19-2005 | ORDER ENTERED | |
| 07-25-2005 | CONSENT ORDER ENTERED | RECEIVER IS AUTHORIZED TO BORROW FUNDS FROM HENRY DEMERS IN THE AMT NOT TO EXCEED $50,000.00 IN ORDER TO PURCHASE INVENTORY TO BE USED IN THE DAY TO DAY OPERATIONS OF DEMERS ******SEE ORDER FOR DETAILS****** |
| 07-28-2005 | PASSED | |
| 08-02-2005 | ORDER ENTERED | GRANTED, JUSTICE PROCACCINI |
| 08-02-2005 | ORDER ENTERED | Hearing on 1907. |
| 08-04-2005 | NOTICE TO TAKE DEPO FILED | 4 FILED. |
| 08-09-2005 | NOTICE | nOTICE TO CREDITORS. |
| 08-09-2005 | AFFIDAVIT FILED | aFFIDAVIT OF NOTICE BY aNN odONNELL. |
| 08-10-2005 | PRAYER FOR PRELIM INJUNCT | CONTINUED TO 08-24-05 AT 11:00 AM |
| 08-12-2005 | ORDER TO ENTER | |
| 08-15-2005 | ORDER ENTERED | Affiliated: JO DEMERS BEEFINC |
| 08-15-2005 | REQUEST FOR PRODUCTION FILED | 2 FILED |
| 08-15-2005 | NOTICE TO TAKE DEPO FILED | Affiliated: JO DEMERS BEEFINC |
| 08-16-2005 | NOTICE | |
| 08-22-2005 | MEMORANDUM FILED | Affiliated: DEMERS, DENNIS |
| 08-23-2005 | ORDER ENTERED | GRANTES/J.SILVERSTEIN |
| 08-24-2005 | STIPULATION TO ENTER | |
| 08-25-2005 | CONSENT ORDER ENTERED | GRANTEDSILVERSTEIN,J***SEE ORDER FOR DETAILS*** |
| 08-25-2005 | CONSENT ORDER ENTERED | GRANTEDSILVERSTEIN,J***SEE ORDER FOR DETAILS***CONCERNING RECEIVER'S MOTION FOR PRELIMINARY INJUNCTION AS AGAINST CARA DONNA PROVISION CO. |
| 08-29-2005 | DOCUMENT(S) FILED | 2 SUBPOENAS . |
| 09-23-2005 | ENTRY OF APPEARANCE | Affiliated: CARROLL, JOSEPH P |
| 09-27-2005 | ORDER TO ENTER | |
| 09-29-2005 | PROOF OF CLAIM FILED | receivership |
| 09-30-2005 | OTHER DOCUMENT | RECEIVERSHIP CONTROL CALENDAR REPORT |
| 10-06-2005 | MOTION | TO FILE LATE CLAIM GRANTED OTE |
| 10-24-2005 | ORDER ENTERED | GRANTING MOTION TO FILE LATE CLAIMFORTUNATO, J. |
| 10-25-2005 | ORDER ENTERED | MCGUIRL, J.2 ENTERED |
| 11-17-2005 | ORDER ENTERED | MOTION TO FILE LATE CLAIM BY CITY OF WOONSOCKET-GRANTED-FORTUNATO,J |
| 12-01-2005 | PETITION TO SELL | |
| 12-05-2005 | NOTICE | OF CREDITORS. ( 2 FILED). |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2005-0703 DENNIS DEMERS V J O DEMERS BEEF INC

| | | |
|---|---|---|
| 12-05-2005 | AFFIDAVIT OF NOTICE | |
| 12-12-2005 | OTHER DOCUMENT | ADMINISTRATIVE CLAIM. |
| 12-13-2005 | ENTRY OF APPEARANCE | Affiliated: DEMERS, DENNIS |
| 12-16-2005 | MOTION FOR RELIEF FILED | NO HEARING DATE |
| 12-16-2005 | MEMORANDUM FILED | FILED BY KSI FUNDING, INC. |
| 01-17-2006 | COMPLETED | |
| 01-18-2006 | ORDER ENTERED | PETITION TO SELL IS CONTINUED TO 01-17-06 |
| 01-19-2006 | ORDER ENTERED | FORTUNATO, J. |
| 01-20-2006 | ORDER, PETITION TO SELL | FORTUNATO, J. |
| 02-01-2006 | HEARD | CONT TO 2/3 FOR STATUS |
| 02-03-2006 | ORDER TO ENTER | |
| 02-03-2006 | ORDER ENTERED | GRANTEDFORTUNATO,JEMERGENCY MOTION FOR ENFORCEMENT OF COURT ORDER***SEE ORDER FOR DETAILS*** |
| 02-07-2006 | OBJECTION FILED | TO MOTION FOR STAY Affiliated: JO DEMERS BEEFINC |
| 02-08-2006 | ORDER ENTERED | GRANTED. FORTUNATO,J. MOTION OF J.O.D. FOOD SERVICES ACQUISITION CO. IS HEREBY GRANTED. **SEE ORDER FOR DETAILS** |
| 02-08-2006 | CASE CONT BY AGREEMENT | |
| 02-20-2006 | MOTION | TO CONFIRM ADMINISTRATIVE CLAIM |
| 03-01-2006 | ORDER ENTERED | FORTUNATO, J.; RECVR AUTHORIZED TO AUCTION ASSETS |
| 03-03-2006 | NOTICE | OF HEARING. |
| 03-06-2006 | TEMP RESTRAIN ORDER | OF RECEIVER JONATHAN SAVAGE |
| 03-06-2006 | MOTION TO ADJUDGE IN COMTEMPT | OF RECEIVER JONATHAN SAVAGE |
| 03-06-2006 | MEMORANDUM FILED | OF RECEIVER JONATHAN SAVAGE IN SUPPORT OF MOTION FOR TRO |
| 03-07-2006 | AFFIDAVIT OF NOTICE | BY GINI SPAZIANO ESQ. |
| 03-07-2006 | AFFIDAVIT OF NOTICE | BY GINI SPAZIANO ESQ. |
| 03-07-2006 | NOTICE | TO CREDITORS ( 2 FILED) |
| 03-07-2006 | AFFIDAVIT OF NOTICE | BY GINI SPAZIANO ESQ. |
| 03-07-2006 | NOTICE | TO BIDDERS/ INTERESTED PARTIES |
| 03-09-2006 | ORDER ENTERED | FORTUNATO,J - COMMENCING ON 3/8/06 & CONTINUING UNTIL FRTHR ORDER OF COURT, BE, DIMEO & TURCOTTE ARE RESTRAINED/ENJOINED & OTHERWISE PROHIBITED FROM SELL, DELIVERING EB PRODUCT TO ANY DEMERS CUSTOMER. PRODUCT THAT WAS ORDERED PRIOR TO TIME OF COURTS BENCH DECISION ON 3/6/06 FROM EB & SCHEDULED DELIVERY ON 3/7/06 MAY BE DELIVERED. A DEMERS CUSTOMER IS DEFINED TO INLCUDE ANYPERSON/ENTITY KNOWN BY DIMEO OR TURCOTTE HAVE BEEN A CSTOMER OF DEMERS PRIOR TO 3/3/06. COMMENCING FORTHWITH & UNTIL FURTHER ORDER OF COURT DIMEO & TURCOTTE RESTRAINED/ENJOINED FROM CONTACTING OR SOLICITING ANY DEMERS CUSTOMERS |
| 03-10-2006 | ORDER ENTERED | FORTUNATO,J - GRANTED, KALIJO HAS NOT CLOSED, SUPREME COURT MANDATED ON 3/9/06 DEADLINE & KALIJO |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2005-0703 DENNIS DEMERS V J O DEMERS BEEF INC

| | | |
|---|---|---|
| | | FIALED TO MEET IT, RECEIVER ORDERED TO SELL ASSET TO J.O.D ON 3/13/06 |
| 03-10-2006 | MOTION | EMERGENCY MTN TO ENFORCE ORDER OF SUPREME COURT |
| 03-10-2006 | ORDER ENTERED | |
| 03-14-2006 | CONSENT ORDER ENTERED | PROCACCINI, J.; APPROVING PARTIAL PAYMENT OF RECEIVERS REQUEST FOR FEES |
| 03-15-2006 | NOTICE | OF SUBSTITUTION FOR REAL PARTY IN INTEREST<br>Affiliated: JO DEMERS BEEFINC |
| 03-27-2006 | ORDER TO ENTER | |
| 03-27-2006 | NOTICE TO TAKE DEPO FILED | 2 FILED |
| 03-28-2006 | ORDER ENTERED | BY FORTUNATO, J. ( 1) THE MOTION IS DISSOLE IS GRANTED. ( 2) THE PRELIMINARY INJUNCTION ENTERED ON 03-09-06 IS DISSOLVED. |
| 04-06-2006 | CASE CONT BY AGREEMENT | |
| 04-10-2006 | MOTION TO ADJUDGE IN COMTEMPT | 4/11/2006 HEARING DATE REQUESTED |
| 04-11-2006 | CASE CONT BY AGREEMENT | |
| 04-13-2006 | PASSED | |
| 04-20-2006 | CASE REC'D FROM SUPREME COURT | SUPERIOR COURT IS DIRECTED TO MAKE FINDINGS OF FACT TO DETERMINE WHAT, IF ANY, AGREEMENTS WERE MADE BY & BETWEEN KALIJO AND THE RECEIVER WITH RESPECT TO THE $150,000.00 POSTED BY KALIJO WITH RECVR ON 3/7/06; SUPERIOR COURT IS ALSO DIRECTED TO MAKE FINDINGS OF FACT WITH RESPECT TO THE PREPARATION & DISTRIBUTION AND REVIEW OF THE PROPOSED ORDERS PRESENTED TO COUNSEL BEFORE SUBMISSION TO THE SUPREME COURT ON 3/6/06; SUPREME COURT SHALL RETAIN JURISDICTION OVER THE MOTION TO VACATE, AND DIRECTS THAT THE FINDINGS & CONCLUSIONS OF THE SUPERIOR COURT BE TRANSMITTED TO SUPREME CT AS SOON AS PRACTICABLE. |
| 05-02-2006 | RECVERSHIP CNTRL CALNDAR RPT | |