UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENNIS V. DEMERS<br>MARY L. DEMERS<br>Plaintiff | : | |
| v. | : | C.A. No.06-168-ML |
| STATE OF RHODE ISLAND<br>JONATHAN SAVAGE, RECEIVER FOR<br>DEMERS FOODSERVICE<br>Defendant | : | |

**MOTION TO DISMISS**
**OF**
**DEFENDANT, JONATHAN SAVAGE,**
**RECEIVER FOR J.O. DEMERS BEEF, INC.**

Defendant JONATHAN SAVAGE, RECEIVER FOR J.O. DEMERS BEEF, INC. ("the Receiver"), pursuant to Federal Rule of Civil Procedure 12(b)(1), hereby moves this Court to dismiss this action in its entirety for lack of subject matter jurisdiction. The Receiver seeks dismissal on the grounds that a suit against a receiver for acts performed in the receiver's official capacity is barred unless and until leave of the court by which the receiver was appointed has first been obtained. As set forth in the Receiver's accompanying memorandum and affidavit, the Plaintiffs in this action have not obtained, nor even sought, leave of the Providence Superior Court, which appointed the Receiver, and in accordance with Rule 12(h)(3), this action must therefore be dismissed.

In the event this action is not dismissed pursuant to this Motion, the Receiver hereby requests that he be given ten days from the date of entry of the Court's ruling on the Motion to Dismiss to file formal objections to the motions filed by the Plaintiffs in this matter.

Respectfully submitted,

JONATHAN SAVAGE, RECEIVER FOR

J.O. DEMERS BEEF, INC.

By his Attorneys,

SHECHTMAN HALPERIN SAVAGE, LLP

Virginia Spaziano, RI Bar No. 5020
Preston W. Halperin, RI Bar No. 5555
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)

Dated: May 8, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true copy of the foregoing Motion to be served by first class mail, postage prepaid, upon plaintiffs Dennis Demers and Mary Demers, by mailing same to them at 231 Sunnybrook Farm Road, Narragansett, RI on May 8, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| DENNIS V. DEMERS<br>MARY L. DEMERS<br>Plaintiff | : | |
| v. | : | C.A. No.06-168-ML |
| STATE OF RHODE ISLAND<br>JONATHAN SAVAGE, RECEIVER FOR<br>DEMERS FOODSERVICE<br>Defendant | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on the motion of defendant JONATHAN SAVAGE, RECEIVER FOR DEMERS FOODSERVICE[1] , ("the Receiver"), pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss the Complaint, as amended, which was brought against the Receiver by plaintiffs Dennis V. Demers and Mary L. Demers (together "Demers") for lack of subject matter jurisdiction. As set forth herein, the Court must dismiss the action inasmuch as Demers has failed to obtain leave of the Providence County Superior Court to bring this action against the Receiver.

***Relevant Background***

On February 11, 2005, the Plaintiff Dennis V. Demers, a 50% shareholder in J.O. Demers Beef, Inc. ("Demers Beef"), a food supply business located at 171 St. Augustine Street, Woonsocket, Rhode Island, filed a Verified Petition in the Superior Court for the State of Rhode Island at Providence County (the "Superior Court") in an action docketed

[1] The Plaintiffs have incorrectly stated the name of the Receivership. Defendant is Receiver for J.O. Demers Beef, Inc.

as Dennis Demers vs. J.O. Demers Beef, Inc., P.C. No. 05-0703, (the "Receivership Action") seeking the appointment of a receiver for Demers Beef. (Affidavit of Jonathan N. Savage submitted herewith, ¶1).

On said date the Superior Court appointed Jonathan N. Savage as Temporary Receiver of Demers Beef. (Affidavit of Jonathan N. Savage, ¶2). The Temporary Receiver immediately thereafter took possession and control of the assets of Demers Beef. (Affidavit of Jonathan Savage, ¶3). On March 7, 2005, the Superior Court appointed Jonathan N. Savage as Permanent Receiver of Demers Beef (the "Receiver"). (Affidavit of Jonathan Savage, ¶4).

From and after March 7, 2005, the Receiver in his fiduciary capacity, continued the operations of the business for the purpose of preserving and maintaining the assets to allow for an orderly sale or liquidation thereof. (Affidavit of Jonathan N. Savage ¶5). The business assets were sold by the Receiver on March 13, 2006 pursuant to the Order of the Rhode Island Supreme Court dated March 6, 2006. (Affidavit of Jonathan Savage, ¶6)

As of the date hereof, the Receivership Action is pending in the Superior Court. (Affidavit of Jonathan Savage, ¶7), The Plaintiffs have neither sought nor obtained leave of the Superior Court to bring this action against the Receiver in any other court. (Affidavit of Jonathan N. Savage, ¶8)

## ARGUMENT

### A. This court lacks subject matter jurisdiction over the instant action

#### 1. Burden and Standard of Proof

Rule 12(b)(1) of the Federal Rule of Civil Procedure provides for the dismissal of actions in which the court lacks subject matter jurisdiction. The court when considering a 12(b)(1) motion may consider all pleadings submitted by the parties. Ducally v. R.I. Dep't of Corr., 160 F. Supp. 2d 220, 224 (D.R.I. 2001) citing Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996). The pertinent inquiry is whether or not the challenged pleadings set forth allegations sufficient to demonstrate that the subject matter jurisdiction of the court is proper. Ducally, supra, citing Casey v. Lifespan Corp., 62 F. Supp. 2d 471, 474 (D.R.I. 1999). The burden of proof in a 12(b)(1) motion falls on the party-asserting jurisdiction. Ducally, supra, citing Thomson v. Gaskill, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942). In ruling on a motion filed under Rule 12(b)(1), the pleadings are to be taken as true and construed in a light most favorable to the party opposing the motion. Ducally, supra, citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995).

#### 2. The Barton Rule

It has long been settled that suits against receivers in courts other than the court charged with the administration of the estate are barred. Barton v. Barbour, 104 U.S. 126, 127, 26 L.Ed. 672 (1881). The United States Supreme Court ruled in Barton that

before suit is brought against a receiver, leave of the court by which he was appointed must be obtained. Id. A limited exception to the so-called Barton Rule is codified in 28 U.S.C. §959(a).[2] See Muratore v Darr, 375 F.3d 140, 143 (D.RI. 2004). As was the case in Muratore, the Plaintiffs' allegations here focus on the Receiver's actions in the fulfillment or nonfulfillment of his fiduciary responsibilities, as opposed to acts or transactions in the furtherance of the business[3], and thus, the exception is not applicable here.

Actions against receivers growing out of the performance by them of their duties within the scope of their powers under the valid orders of the court appointing them do not bind them personally, but are regarded as brought against the receivership, and judgments recovered in such actions are payable only from funds in the receiver's hands. Wood v. Comins, 303 Mass. 367, 369 (Mass. 1939) citing Archambeau v. Platt, 173 Mass. 249, 53 N.E. 816. McNulta v. Lochridge, 141 U.S. 327, 332. Clifford v. West Hartford Creamery Co. Inc. 103 Vt. 229, 241, 153 A. 205. See Shapiro v. Goldman, 253 Mass. 60, 63, 148 N.E. 217. It is in part at least for this reason that, unless some statute provides otherwise, an action cannot be brought against a receiver without leave of the court appointing him. Wood v. Comins, supra, citing Barton v. Barbour, 104 U.S. 126, 26 L. Ed. 672.

[2] Section 959(a) allows suits against receivers of property without prior leave of the appointing court with respect to acts or transactions in carrying on the business connected with such property. 28 U.S.C. 959(a).
[3] In Muratore, the court noted there is little First Circuit case law on this issue, but courts elsewhere have interpreted "acts or transactions in carrying on business connected with" to mean acts or transactions in conducting the business in the ordinary sense of the words or in pursuing that business as an operating enterprise. Muratore, supra at 144.

To the extent that Plaintiffs' complaint, and the amendments thereto, are deemed to state actionable claims,[4] the allegations set forth therein all relate to purported misconduct by the Receiver in carrying out his responsibilities as Receiver of Demers Beef pursuant to the authority vested in him by the Superior Court. The Plaintiffs' complaint clearly falls within the rule set down by Barton, and leave of the Superior Court prior to bringing this action is plainly required. As affirmed by the Receiver in his affidavit submitted herewith, leave of the Superior Court was neither obtained nor requested by Plaintiffs prior to commencing this action. In absence of such leave, this action cannot stand. See Muratore, supra.

B. Dismissal of the Action is Required

According to the weight of authority, the failure to show consent of the appointing court to bring an action against the Receiver goes to the jurisdiction of the court. Rosso v. Freeman, 30 F.2d 826, 829 (D. Mass. 1929) citing Barton v. Barbour, supra. See also Muratore, supra at 148. Judgment against a receiver for liability arising out of his conduct of the business establishes a claim against the estate; and it is for this reason that, not only may the action be enjoined, but it does not lie at all, unless by leave of the court which appoints the receiver. Vass v. Conron Bros. Co., 59 F.2d 969 (2d Cir. 1932).

As the Plaintiffs have not obtained leave of the Superior Court to bring this action against the Receiver, and have not alleged that leave was obtained, this court lacks

[4] While Plaintiffs characterize their claims against Defendants as violations of their constitutional rights under the 4th and/or 14th Amendments, their complaint consists of confusing and disjointed statements and conclusions which make it difficult to discern the basis of these claims. Plaintiffs have failed to comply with the Federal Rules related to the form of the complaint and with respect to amendments thereto. Moreover, it is not clear to Defendant whether the amended complaints, or either of them, are intended to supplement or to supersede the prior filing.

subject matter jurisdiction over this action. Rule 12(h)(3) of the Federal Rules of Civil Procedure states that a court "shall dismiss" an action over which it lacks subject-matter jurisdiction. Muratore, supra. See also Mills v. State of Maine, 118 F.3d 37, 51 (1st Cir. 1997). This court must, therefore, dismiss this action.

## Conclusion

This court lacks subject matter jurisdiction over the action brought by Plaintiffs, and the action must be dismissed.

Respectfully submitted,

Jonathan N. Savage, Receiver of J.O. Demers Beef, Inc.

By his Attorneys,
SHECHTMAN HALPERIN SAVAGE, LLP

Virginia Spaziano
Virginia Spaziano, RI Bar No. 5020
Preston W. Halperin, RI Bar No. 5555
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 (fax)

Dated: May 8, 2006