STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

| | | |
|---|---|---|
| Dennis Demers<br>Plaintiff | : | |
| vs. | : | P.C. No.: 05-0703 |
| J.O. Demers Beef, Inc.<br>Defendant | : | |

**ORDER APPOINTING PERMANENT RECEIVER**

This cause came to be heard on the Petition for Appointment of Receiver for the Defendant, and it appearing that the notice provided by the Order of this Court previously entered herein has been given, and upon consideration thereof, it is hereby

**ORDERED, ADJUDGED AND DECREED:**

1. That Jonathan N. Savage, Esq. of Shechtman Halperin Savage, LLP, 86 Weybosset Street, Providence, Rhode Island, be and hereby is appointed Permanent Receiver (the "Receiver") of Defendant, and of all the estate, assets, effects, property and business of Defendant of every name, kind, nature and description, with all the powers conferred upon the Receiver by the Rhode Island General Laws, by this order, or otherwise, and with all powers incidental to the Receiver's said Office.

2. That said Receiver shall, no later than five (5) days from the date hereof, file herein a bond in the amount of $10,000.00 with corporate surety thereon authorized to do business in the State of Rhode Island conditioned that the Receiver will well and truly perform the duties of said office.

3. That said Receiver be and hereby is authorized, empowered and directed to take possession and charge of said estate, assets, effects, property and business of the Defendant, including cash surrender value of any insurance owned by Defendant, and to preserve the same, and is hereby vested with title to the same; to collect and receive the debts, property and other assets and effects of said Defendant, including such cash surrender value, with full power to prosecute, defend, adjust and compromise all claims and suits of, by or against said Defendant and to appear, intervene or become a party in all suits, actions or proceedings relating to said estate, assets, effects and property as may in the judgment of the Receiver be necessary or desirable for the protection, maintenance and preservation of the property and assets of said Defendant.

4. That this appointment is made in succession to the appointment of Temporary Receiver heretofore made by order of this Court, and the Receiver shall take and be vested with

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 MAR 30 P 2: 15

True Copy Attest
Office of Clerk of Superior Court,
Counties of Providence & Bristol

the title to all assets, property and chooses-in-action which have heretofore accrued to the Temporary Receiver with power to confirm and ratify in writing such agreements as are entered into by such Temporary Receiver and to carry out and perform the same.

5. That the Receiver is authorized, in the Receiver's discretion, to continue the business of the Defendant until further order of this Court, and to employ such persons as may be desirable for the foregoing purposes (except that the Receiver shall first obtain *ex parte* approval to hire attorneys, accountants and turn around professionals) and, in connection therewith, to use such moneys as shall come into the Receiver's hands and possession, as far as the same shall be necessary, for the above purposes and for continuing the business of said Defendant until further Order of this Court.

6. That the Receiver is authorized to incur expenses for goods and services and to purchase for cash such merchandise, supplies and materials as in the Receiver's discretion may be desirable or necessary for continuance of the business of the Defendant.

7. That said Receiver be and hereby is authorized and empowered to sell, transfer and convey said Receiver's right, title and interest and the right, title and interest of said Defendant in and to any real property or personal property, tangible or intangible, for such sum or sums of money as to said Receiver appears reasonable and proper, at private sale or sales, provided, however, that approval is first given for such sale or sales by this Court on *ex parte* application by the Receiver, or after such notice as the Court may require.

8. That the Receiver is hereby authorized and empowered to sell at public auction any or all of the assets referred to in Paragraph 7. The Receiver is also authorized to engage an auctioneer and to insert such display ads within or without the State of Rhode Island as the Receiver deems proper advertising for such sale. Such a public auction sale conducted by said Receiver in accordance with the provisions of this paragraph shall be considered and is hereby declared to be a commercially reasonable sale, and such sale shall constitute compliance with the requirements of a commercially reasonable sale as set forth in Article 9 of the Uniform Commercial Code as enacted in Rhode Island.

9. That said Receiver be, and hereby is, authorized and empowered, as soon as there are sufficient funds available, to pay all City, State and United States taxes of any kind, nature and description, including withholding taxes, as well as wages due employees, with such employees being relieved of the necessity of filing claims with the Receiver unless the amount paid or shown on the books of the Defendant is not acceptable to any employee, in which case said employee may file his/her claim in the same manner as other creditors.

10. In fulfillment of the reporting requirements set forth in Rule 66 (e) of the Superior Court Rules of Civil Procedure, the Receiver shall file with the Court the Reports referred to in said Rule, as and when the Receiver deems necessary or advisable under the circumstances, or, in any event, as and when required by Order of this Court. In addition, the Receiver shall file with the Court, on or before May 1st and October 1st of each year, a Receivership Control Calendar Report in accordance with Rhode Island Superior Court Administrative Order No. 98-7.

11. That the Receiver shall continue to discharge said Receiver's duties and trusts hereunder until further order of this Court; that the right is reserved to the Receiver and to the parties hereto to apply to this Court for any other or further instructions to said Receiver and that this Court reserves the right, upon such Notice, if any, as it shall deem proper, to make such further orders herein as may be proper, and to modify this Order from time to time.

12. That, pursuant to and in compliance with Rhode Island Supreme Court Executive Order No. 95-01, this Court finds that the designation of the aforedescribed person for appointment as Receiver is warranted and required because of said Receiver's specialized expertise and experience.

13. All creditors or other claimants hereby are ordered to file under oath with the Receiver at 86 Weybosset Street, Providence, Rhode Island 02903 on or before **July 5, 2005**, a statement setting forth their claims, including, but without limiting the generality of the foregoing, the name and address of the claimant, the nature and amount of such claim, a statement of any security or lien held by the claimant to which such claimant is or claims to be entitled, and also a statement as to any preference or priority which the claimant claims to be entitled to over the claims of any other or all other claimants or creditors.

14. That the commencement, prosecution, or continuance of the prosecution, of any action, suit, arbitration proceeding, hearing, or any foreclosure, reclamation or repossession proceeding, both judicial and non-judicial, or any other proceeding, in law, or in equity or under any statute, or otherwise, against said Defendant or any of its property, in any Court, agency, tribunal, or elsewhere, or before any arbitrator, or otherwise by any creditor, stockholder, corporation, partnership or any other person, or the levy of any attachment, execution or other process upon or against any property of said Defendant, or the taking or attempting to take into possession any property in the possession of the Defendant or of which the Defendant has the right to possession, or the cancellation at any time during the Receivership proceeding herein of any insurance policy, lease or other contract with Defendant, by any of such parties as aforesaid, other than the Receiver designated as aforesaid, or the termination of telephone, electric, gas or other utility service to Defendant, by any public utility, without obtaining prior approval thereof from this Honorable Court, in which connection said Receiver shall be entitled to prior notice and an opportunity to be heard, are hereby restrained and enjoined until further Order of this Court.

15. That Notice be given of the entry of this Order by the Clerk of this Court by publication of a copy of the annexed Receivership Notice in The Providence Journal on or before the 8TH day of APRIL, 2005, and by the Receiver mailing on or before the 15TH day of APRIL, 2005, a copy of said Receivership Notice to each creditor and stockholder of said Defendant known as such to the Receiver, or appearing as such on the books of said Defendant, addressed to each such stockholder or creditor at his last known address.

16. This Order is entered by virtue of and pursuant to this Court's equity powers and pursuant to its powers as authorized by the laws and statutes of the State of Rhode Island.

ENTERED as an Order of this Court this 30TH day of March, 2005.

BY ORDER:

Associate Justice 3-30-05

ENTER:

Clerk, Superior Court