US District Court
District of Rhode Island
**Civil Docket for Case # 1:06-cv-00168-ML-LDA**

May 22, 2006

**MOTION OF DENNIS & MARY DEMERS FOR TRANSFER**
**Case #1;06-cv-00168-MI-LDA**

**AGAINST STATE OF RHODE ISLAND & JONTHAN SAVAGE, AS ITS AGENT THE RECIEVER FOR J.O. DEMERS BEEF, INC aka DEMERS FOODSERVICE**

**FROM US FEDERAL DISTRICT COURT TO THE STATE OF RHODE ISLAND SUPERIOR COURT**

Demers et al vs. State of Rhode Island et al

**Plaintiff**
**Dennis V. Demers**
**Pro Se**

**represented by Dennis V. Demers - Pro Se**
**231 Sunnybrook Farm Road**
**Narragansett, RI 02882 US**
**401-783-7404**

**Plaintiff**
**Mary L. Demers**
**Pro Se**

**represented by Mary L. Demers - Pro Se**
**231 Sunnybrook Farm Rd**
**Narragansett, RI**
**401-783-7404**

**V.**

**Defendant**
**State of Rhode Island**

**Defendant**
**Jonathan Savage**

**Dennis and Mary Demers, the Plaintiffs hereby moves this Court for a Transfer to cure want of jurisdiction**

Mr. & Mrs. Demers mistaken belief was that they could not have filed a second concurrent petition for relief in both Federal and State Court. In this civil procedure Dennis and Mary Demers request protective action from the Federal District Court so that jurisdiction can be established in the State of Rhode Island Court system. The Demers were unaware that they could file the same claim in state court, just in case the federal case was dismissed for want of jurisdiction. It was not unreasonable to assume the petition was in the right district as the appellants are appearing Pro Se.

Dennis and Mary Demers belief is that they are not barred by the Doctrine of Judicial Immunity in this matter. 502 U.S. 9,11 (1991) although a litigant may think this unfair or an injustice. "It is a general principle of the highest importance to the proper administration of justice that a judicial officer in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

**Immunity is overcome in only two sets of circumstances- (1) a judge is not immune from liability for nonjudicial actions and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.** The contention that we the plaintiffs have failed to plead any absence of jurisdiction or that the judge's actions were not judicial in nature is erroneous.

The plaintiffs went to the offices of Schetman, Savage & Halperin on January 14, 2005. The Plantiffs went to see Preston Halperin to retain counsel in a business dispute Dennis Demers was involved in. At that time we had been represented by another lawyer, but as the problems began to escalate it became clear to us that Mr. Lepizzara was too busy to devote the time we needed.

We went to Schectman, Halperin and Savage as they held themselves out as having a concentration in business disputes and litigation. Upon meeting with Preston Halperin and explaining that Dennis was the President and 50% share holder of Demers Beef, an ongoing and thriving business with approximately 13 million in sales, Mr. Halperin immediately summoned Jonathan Savage to join in the consultation. Mr. Savage almost immediately began selling Dennis Demers on the idea of petitioning the court to place JO Demers Beef into receivership. Mr. Demers had never heard the word "receivership" and knew nothing about what that meant. The previous attorney had never suggested receivership as an option to resolve the disputes Dennis Demers was encountering with his brother, the other 50% owner of the business.

Mr. Savage specifically told the Demers that this was the quickest way to resolve the disputes despite the fact that Dennis Demers informed him that he had a shareholders agreement with his brother that provided for mediation in the event of a disagreement between owners. One of the Demers concerns was about the brother's mismanagement or misappropriation of cash paid to the business.

Mr. Savage indicated that the business would be protected as it would be in the custody of the Superior Court and that the Superior Court would be monitoring all that happened with the business. Both Dennis and Mary Demers were unsure about taking this step, as we did not feel we fully understood what a receivership was. The Plaintiffs took comfort when Mr. Savage repeatedly reassured you that he could be trusted as his wife is a Superior Court judge. The Demers were then told that Mr. Savage and his firm

could not represent you as he would be appointed receiver by the court. He told Dennis Demers he would get Ted Orson to represent him who would then have Mr. Savage appointed receiver. The Plaintiffs were walked over to Ted Orson who then petitioned the court and had Jonathan Savage made receiver. Jonathan Savage stopped paying the mortgage obligation of JO Demers Beef, thereby exposing Dennis personally on the guarantees. He did this to insure that his request for $100,000.00 in fees which he petitioned the court for in June 2005 would be granted. To date Jonathan Savage has petitioned the court for more than $500,000.00 in fees in a fourteen month period. He has hired numerous other lawyers in his own firm as either attorney for him or to represent the receivership in other litigation. Mr. Savage has repeatedly lied to employees and principals of JO Demers Beef for his own pecuniary interest. He has not acted in the interest of the court.

**The Plaintiffs were "lured" by Mr. Savage into this action.** Mr. Demers was not speaking well, nor physically well after being ill at the time of this first meeting with Mr. Savage who was not acting as an officer of the court on this date of January 11, 2005. The meeting with Mr. Savage lasted one hour and established confidentiality. The next meeting on January 18, 2005 was when Mr. Savage discussed the pending litigation with Mr. Orson at Mr. Orson's office after walking Dennis and Mary Demers across the street to Mr. Orson office. On this date Mr. Dennis Demers had been threatened with arrest if he entered his own business by the corporate lawyer for Demers Foodservice. Mr. Peter Furness stated to Mr. Savage by phone that there was "standstill agreement in place against Mr. Dennis Demers by his company. Dennis Demers had neither signed nor seen any such agreement. The next week Mr. Dennis Demer's paycheck was cut off. During this time Mr. Savage made frequent phone calls to Dennis and Mary Demers encouraging them to seek relief in receivership proceedings. For that reason the Demers argue that Mr. Savage does not have judicial immunity in this matter and request a transfer of this suit to another court of Law with jurisdiction in this matter.

AFFIDAVIT OF DENNIS V. DEMERS
I herby swear on my oath that all statements
Presented above are true to the
Best of my knowledge.

Dennis V. Demers

AFFIDAVIT OF MARY L.DEMERS
I hereby swear on my oath that all statements
Presented above are true to the best of my knowledge

Mary L. Demers

I hereby certify that on this 22nd day of May, 2006, I mailed a copy of the above Notice for Request for Transfer by regular first class U.S. mail, postage pre-paid on the 22nd day of May, 2006, addressed to RI Attorney General's office 150 South Main St. Providence RI 02903 & Jonathan Savage 1080 Main Street, Pawtucket RI
Signature of Mary L. Demers Mary L. Demers